## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------- x
                              :

*In re:*                            :    **Chapter 11**
                              :

**GT ADVANCED TECHNOLOGIES INC.,** *et. al.,* :   **Case No. 14-_____ (____)**
                              :

           **Debtors.**[1]               :
                              :    **Joint Administration Requested**
------------------------------------------------------------- x

## DEBTORS' EMERGENCY *EX PARTE* MOTION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 1015(c) AND 9007, IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, "GTAT" or the "Debtors") submit this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), implementing notice and case management procedures.  In support of this Motion, GTAT respectfully represents:

### JURISDICTION, VENUE AND STATUTORY BASIS

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]      The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are:  GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

2.     The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), and Bankruptcy Rule 1015(c) and 9007.

## BACKGROUND

3.     On the date hereof (the "Petition Date"), GTAT commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Hampshire (the "Court").  GTAT continues to operate its businesses and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no committees have been appointed or designated.

4.     GTAT has requested that these chapter 11 cases be consolidated for procedural purposes only and jointly administered pursuant to Bankruptcy Rule 1015(b).

5.     Information regarding GTAT's business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the *Declaration of Daniel W. Squiller in Support of Chapter 11 Petitions and First-Day Motions* (the "First Day Declaration"), which is incorporated herein by reference and filed contemporaneously herewith.

### GTAT's Business

6.     GTAT and its non-Debtor affiliates (collectively, the "GTAT Group") are leading manufacturers and suppliers of advanced materials and equipment for the global consumer electronics, power electronics, solar, and LED industries.  The GTAT Group designs and sells high-quality sapphire production equipment and materials for a wide variety of domestic and international markets, including the consumer electronics market.  In addition, the GTAT Group's historical business is based in the solar industry, where it is a leading provider of key polysilicon and photovoltaic equipment, services and technologies.   The GTAT Group is also in the process of developing and commercializing additional equipment and products, including an

ion implantation equipment tool and advanced solar metallization and interconnect technology. As of the Petition Date, the GTAT Group employs approximately 1,100 full-time employees in the United States and abroad, approximately 1,000 of whom work for the Debtors.  The stock of GT is publicly traded under the symbol "GTAT".

7.        As of June 28, 2014, the GTAT Group's unaudited and consolidated financial statements reflected assets totaling approximately $1.5 billion and liabilities totaling approximately $1.3 billion.

## Relief Requested

8.        By this Motion, GTAT seeks authority, pursuant to section 105(a) of the Bankruptcy Code and Rules 1015(c) and Bankruptcy Rule 9007, to implement certain procedures in connection with the administration of these chapter 11 cases.  GTAT requests that, to the extent that any of the procedures conflict with the provisions of the Bankruptcy Code or the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Hampshire (the "LBR"), the procedures shall govern and shall supersede such provisions and rules.

## Basis For Relief

9.        The case-administration procedures described below establish requirements for the filing and serving of motions, pleadings, applications, other requests for relief, and any objections, responses and replies thereto (collectively, "Pleadings") in these chapter 11 cases. These procedures also: (i) delineate standards for notice; (ii) authorize GTAT to schedule, in cooperation with the Court, periodic omnibus hearing dates; and (iii) articulate mandatory guidelines for the scheduling of hearings and objection deadlines.

A.    **Notice Procedures**

10.    Potentially thousands of parties-in-interest may be entitled to receive notice in these cases.  Providing notice of all Pleadings filed to each creditor and party-in-interest is unnecessary and would be extremely burdensome and costly to the Debtors' estates, in light of the photocopying, postage, and other expenses associated with such large mailings.

11.    GTAT therefore requests, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9007, that the Court approve the notice procedures outlined herein.  Consistent with the approach taken in other large, complex chapter 11 cases, GTAT proposes to establish a master service list (the "Master Service List"), which will initially include: (a) GT Advanced Technologies Inc., 243 Daniel Webster Highway, Merrimack, NH 03054 (Attn: General Counsel); (b) Paul Hastings LLP, 75 East 55th Street, New York, NY 10022, (Attn: Luc Despins, Esq. and Christopher Fong, Esq.), (c) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, TX 77002 (Attn: James T. Grogan, III, Esq.); (d) Nixon Peabody LLP, 900 Elm Street Manchester, NH 03101-2031, (Attn: Daniel W. Sklar, Esq. and Holly J. Barcroft, Esq.); (e) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite 605 Manchester, NH 03101, Attn: Geraldine L. Karonis; (f) the creditors holding the 30 largest unsecured claims against GTAT's estates (on a consolidated basis) until an official committee of unsecured creditors is appointed; (g) counsel to any official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee")[2]; (h) the indenture trustee for the Debtors' (1) 3.00%

---

[2]    Until such time as an official committee of unsecured creditors is appointed in these chapter 11 cases, the creditors holding the thirty (30) largest unsecured claims against the Debtors' estates (on a consolidated basis) shall be served as set forth herein. Upon the formation of an official committee of unsecured creditors, the top thirty (30) creditors will be removed from any service list, unless the entities file a notice of appearance as set forth herein.

Convertible Senior Notes due 2017, and (2) 3.00% Convertible Senior Notes due 2020, U.S. Bank National Association, 60 Livingston Avenue, St. Paul, MN 55107, Attn: Hazrat R. Haniff; (i) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101, Attn: District and Regional Directors; (j) U.S. Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (k) Apple Inc., 1 Infinite Loop, Cupertino, CA 95014, Attn: Jessica L. Fink, Senior Restructuring Counsel; and (l) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

12. Any creditor or party-in-interest that wishes to receive notice other than as required in accordance with Bankruptcy Rule 2002 must file a notice of appearance and request for service of papers (a "Request") with the Clerk of the Court and serve a copy of such Request upon each of the parties set forth on the Master Service List. Each Request must include such party's (i) name, (ii) address, (iii) name of client, if applicable, (iv) telephone number, (v) facsimile telephone number, and (vi) electronic mail ("e-mail") address, unless such party files a request to be exempted from providing an e-mail address.

13. To the extent that a Request fails to contain an e-mail address, such party will not be entitled to additional service of papers, as described below, until such party (i) files a request to be exempted from providing an e-mail address and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as the date thereof; *provided*, *however*, that if a creditor or party-in-interest is directly affected by a Pleading but does not have an e-mail address or an e-mail address is not available to GTAT, the party shall be served by U.S. mail, facsimile, or hand delivery, the choice of the foregoing being in GTAT's sole discretion. Each party having filed a Request will be deemed to have consented to electronic service of papers.

14.     GTAT proposes to update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party-in-interest who has made a written request for notice since the prior month.  In the event any changes are made, GTAT will file the updated Master Service List with the Court.

15.     GTAT proposes that notice of Pleadings in this chapter 11 case will only be served upon: (i) the parties then listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court; and (iii) any party against whom direct relief is sought in such matter; *provided*, *however*, that any attorney who represents multiple parties listed on the Master Service List need only be served with one copy of the Pleading being served.

16.     The proceedings with respect to which notice is proposed to be limited to parties included on the Master Service List would include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claims pursuant to Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearing to consider approval of, a disclosure statement and a plan of reorganization; (iv) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization; and (v) any sale of all or substantially all of GTAT's assets.  Notice of the foregoing matters would be given to all parties-in-interest in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court.

17.     GTAT further proposes that, if service is effected by GTAT or the Committee via electronic transmission, GTAT or the Committee, as applicable, shall not be required to serve paper copies on interested parties; service by electronic transmission shall satisfy the Court's

6

rules for service and shall be effective as of the date the paper is electronically transmitted to the e-mail addresses listed on the Master Service List.  Parties other than GTAT and the Committee shall not be authorized to effect service by electronic transmission.  All papers served by GTAT or the Committee by electronic transmission would attach a file containing a hyperlink to the entire paper served, including any proposed form of order, exhibits, attachments, and other relevant materials, in portable document (*i.e.,* .pdf) format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the foregoing, if a particular paper cannot be sent by electronic transmission (because of the paper's size, technical difficulties, or other concerns), GTAT or the Committee could, in their sole discretion, (i) serve the entire paper, including the portions that cannot be sent by electronic transmission, by regular or overnight mail, as appropriate, including any proposed form of order, exhibits, attachments, and other relevant materials or (ii) include a notation in the electronic transmission that the paper cannot be annexed because of the paper's size, technical difficulties, or other concerns and that the paper will be (a) sent by regular or overnight mail, as appropriate, if requested by the recipient of the electronic transmission or (b) posted on the following website maintained in connection with these chapter 11 cases: www.kccllc.net/GTAT.

18.    Upon the completion of noticing of any particular matter, GTAT will file with the Court either a declaration of service or certificate of service, annexing thereto the list of those parties to whom notice was provided.

19.    Bankruptcy Rule 9007 grants the Court general authority to regulate the manner of any notices required to be given under the Bankruptcy Rules.  Furthermore, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

20.     GTAT believes the administration of these chapter 11 cases would be more efficient and cost effective if the relief requested herein is granted.  Bankruptcy Courts have routinely approved relief similar to that requested herein in other large, complex chapter 11 cases like this one.[3]

21.     Based on the foregoing, GTAT submits the relief requested in this motion is in the best interest of GTAT's estates and its creditors and will not prejudice the rights of any party- in-interest in these cases.

**B.     Hearings and Related Procedural Matters**

22.     <u>Omnibus Hearings</u>.  GTAT seeks authorization to schedule, in cooperation with the Court, periodic omnibus hearings at which Pleadings may be heard.  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these omnibus hearings.  If omnibus hearings are scheduled, GTAT suggests that the following guidelines should apply:

23.     <u>Adversary Proceedings</u>.  Notwithstanding anything to the contrary herein, the Court shall set separate hearings for pre-trial conferences and trials in connection with adversary proceedings. Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least 30 days after the filing of a complaint.

---

[3]     *See, e.g.*, *In re MPM Silicones, LLC,* Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. May 16, 2014); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. Feb. 15, 2012); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Dec. 23, 2011); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 10-24549 (RDD) (Bankr. S.D.N.Y. Dec. 15, 2010); *In re Blockbuster Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Oct. 21, 2010); *In re Uno Restaurant Holdings Corp.*, Case No. 10-10209 (MG) (Bankr. S.D.N.Y. Feb. 2, 2010); *In re Fairpoint Communications, Inc.*, Case No. 09-16335 (BRL) (Bankr. S.D.N.Y. Oct. 26, 2009).  Because of the voluminous nature of the unreported orders cited herein, they are not annexed to this Motion. Copies of these orders are available upon request of GTAT's counsel.

24.     <u>Hearings Scheduled in Error</u>.  If a document is filed by a non-debtor party that purports to set a hearing date inconsistent with these case-management procedures, the hearing will be scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired.  If this occurs, GTAT will provide the movant with notice of these procedures within five business days of GTAT's receipt of the documents that are erroneously scheduled for hearing.

25.     <u>Guidelines for Setting a Hearing Date</u>.  Pleadings (other than those filed in accordance with paragraph 29 below) will not be considered by the Court unless filed and served in accordance with these procedures at least 14  calendar days before the scheduled hearing date, without taking in to account Bankruptcy Rule 9006(f); *provided*, *however*, that if a Pleading is to be served by regular U.S. mail only, it will not be considered by the Court unless filed and served in accordance with these procedures at least 17 calendar days before the scheduled hearing date.  Nothing in these procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rule 9006(b)-(c).

26.     <u>Objection Deadlines</u>. Objections to any Pleading shall be filed and served so as to ensure actual receipt on the earlier of (i) ten calendar days after the date of filing of the Pleading or (ii) seven calendar days before the applicable hearing date unless either (x) the movant establishes a longer response date or (y) the movant and the objecting party mutually agree to extend such deadline; *provided*, *however*, than an Objection shall not be filed later than seven calendar days before the applicable hearing date without leave of the Court.  The objection will not be considered timely filed unless filed with the Court and received by all parties on the Master Service List and the interested movant, on or before the applicable Objection Deadline.

All parties filing an objection shall include their telephone number and addresses in the signature block on the last page of the objection.

27.     <u>Deadline for Filing Reply</u>.  Unless otherwise ordered by the Court, a reply to an objection shall be filed with the Court and served in accordance with these case-management procedures on or before 12:00 noon, prevailing Eastern Time, on the day that is at least one business day before the date of a hearing.

28.     <u>Relief Without a Hearing</u>.  The Court may approve the relief requested in an original Pleading without a hearing provided that (i) no objection or request for a hearing has been timely filed by the applicable Objection Deadline, (ii) after the Objection Deadline, the attorney for the moving party files with the Court (and if the motion, application, or other paper was filed by a party other than GTAT, serves by hand delivery or overnight mail upon the attorneys for GTAT), a certificate stating that no objections to such Pleading have been timely filed and served upon the moving party (a "<u>Certificate of No Objection</u>") along with an order granting the relief requested in the applicable Pleading.  Notwithstanding the foregoing, if an objection or request for a hearing has been timely filed by the applicable Objection Deadline, the Court may approve the relief requested in an original Pleading without a hearing provided that, after the Objection Deadline, the attorney for the moving party files with the Court (and if the motion, application, or other paper was filed by a party other than GTAT, serves by hand delivery or overnight mail upon the attorneys for GTAT), a certificate stating that the objection has been resolved by agreement (a "<u>Certificate of Counsel</u>") along with an order granting the relief requested in the applicable Pleading.  Upon receipt of the Certificate of No Objection or the Certificate of Counsel, the Court may enter the order granting the relief requested in the Pleading without further submission, hearing, or request.  If the Court does not enter the order

provided with the Certificate of No Objection or the Certificate of Counsel at least one (1) business day prior to the hearing date set in accordance with these case-management procedures, the Pleading will be considered by the Court at such hearing.

29.    _Request for Shortened Notice_.  Subject to LBR 9073-1(b), a party-in-interest may move the Court for: (i) emergency consideration of a motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "_Emergency Hearing_"); (ii) consideration of a motion at the next Omnibus Hearing upon shortened time; or (iii) some other reduction of a time period under Bankruptcy Rules 9006(b) or 9006(c) or these procedures; _provided_, _however_, that any party-in-interest seeking an Emergency Hearing shall contact counsel for GTAT and counsel for the Committee, and if there is an agreement that expedited relief is necessary, then the movant or applicant shall notify the Court telephonically of such request prior to filing the motion and request for expedited relief.  If GTAT or the Committee disagree with the request for expedited relief, the movant or applicant shall: (i) inform the Court of the disagreement via telephone; and (ii) arrange thereafter for a chambers conference either telephonic or in-person, to be held among the Court, counsel to GTAT, counsel to any committee, the U.S. Trustee and the movant or applicant to discuss the disagreement.  If the Court agrees with the movant or applicant's position, the motion and the request for expedited relief may be filed.  If GTAT seeks emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to the parties listed on the Master Service List.  Such parties shall have an opportunity to be heard on the emergency or expedited relief sought by GTAT.

30.    _Bridge Orders Not Required in Certain Circumstances_. If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the LBR or the provisions of any order entered by this Court, the

time shall automatically be extended until the Court acts on the motion, without the necessity of a bridge order.

31. <u>Notices of Hearing</u>.  A "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline; (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with these procedures.  The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing.

32. <u>Proposed Agenda for Hearings</u>.  By approximately 12:00 noon on the day prior to each hearing day, GTAT's counsel will provide to the Court, the parties listed in the Master Service List, and any additional parties in interest, a proposed agenda letter with regard to the matters which are or were to be heard on such hearing day.  The agenda letter may and should be updated after the initial submission if necessary.  The agenda letter will list disputed matters first and will be limited to substantive Pleadings – motions and responses — and need not include the supporting affidavits, exhibits, or miscellaneous filings, such as notices of adjournment and certificates of service.

33. <u>Telephonic Appearances</u>.  Telephonic appearances will be governed by LBR 9074-1.  In addition, a party permitted to make a telephonic appearance under LBR 9074-1 must notify counsel to GTAT at least 48 hours prior to the scheduled hearing.

34. <u>Settlements</u>.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may

announce the settlement at the scheduled hearing on the hearing day. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, GTAT will serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement will be held on the next hearing day deemed appropriate by the Court.

**C.      Automatic Stay Proceedings**

35.      <u>Hearings and Objection Deadlines</u>. Notwithstanding anything contained herein to the contrary, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code must be noticed for consideration on the omnibus hearing date that is at least twenty-five days after the motion is filed and notice is served upon GTAT. Unless otherwise ordered by the Court, the objection deadline will be five calendar days before the scheduled hearing.

36.      <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is adjourned to a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party will be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and will be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**D.    Establishing the Procedures is in the Best Interests of GTAT's Estates**

37.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[4]   Given the size and complexity of these chapter 11 cases, implementation of these procedures will reduce the cost and time demands of these cases, thereby benefiting the debtors, the estates and their creditors.  Accordingly, these procedures proposed here are appropriate in these chapter 11 cases and well within the Court's equitable powers under section 105 of the Bankruptcy Code.

38.    GTAT submits that approval of the Procedures is in the best interests of GTAT's estates and its creditors.  The nature of GTAT's financial difficulties has placed significant demands on GTAT and its personnel and professionals.  In addition to the discharge of their ordinary duties, GTAT's personnel now carry the additional burdens imposed by the commencement of these chapter 11 cases.  By authorizing GTAT to schedule omnibus hearing dates, establishing clear timelines for the filing of requests for relief, and allowing, with certain exceptions, electronic service, the Procedures will assist GTAT's management in preserving GTAT's time and directing the attention of its personnel to issues raised in its chapter 11 cases.

<u>**Notice**</u>

39.    Notice of this Motion has been provided by email, facsimile or overnight courier to: (a) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite 605 Manchester, NH 03101, Attn: Geraldine L. Karonis; (b) the creditors holding the 30 largest unsecured claims against GTAT's estates (on a consolidated basis); (c) the indenture trustee for the Debtors' (i) 3.00% Convertible Senior Notes due 2017, and (ii) 3.00% Convertible Senior

---

[4]    11 U.S.C. § 105(a).

Notes due 2020, U.S. Bank National Association, 60 Livingston Avenue, St. Paul, MN 55107, Attn: Hazrat R. Haniff; (d) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101, Attn: District and Regional Directors; (e) U.S. Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (f) Apple Inc., 1 Infinite Loop, Cupertino, CA 95014, Attn: Jessica L. Fink, Senior Restructuring Counsel; and (g) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

40.     No previous request for the relief sought herein has been made by GTAT to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

41.     GTAT requests that the Court waive and dispense with the requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law. The legal authorities upon which GTAT relies are set forth in the Motion.   Accordingly, GTAT submits that a waiver of the LBR 7102(b)(2) requirement is appropriate under these circumstances.


*[remainder of page intentionally left blank.]*

WHEREFORE, GTAT respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting GTAT such other and further relief as is just and proper.

Dated: October 6, 2014
       Manchester, NH

/s/ Daniel W. Sklar_____
Daniel W. Sklar, Esq.
Holly J. Barcroft, Esq.
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101-2031
Telephone: (603) 628-4000
Facsimile: (603) 628-4040

- and -

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James T. Grogan, Esq.
PAUL HASTINGS LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## **EXHIBIT A**

### **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

------------------------------------------------------------x
                                                            :
*In re:*                                                    :    **Chapter 11**
                                                            :
**GT ADVANCED TECHNOLOGIES INC.,** *et al.*,:                    **Case No. 14-_____ (____)**
                                                            :
        **Debtors.**[1]                                     :
                                                            :    **Jointly Administered**
                                                            :
                                                            :    RE: Docket No. __
                                                            :
------------------------------------------------------------x

### ORDER PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 1015(c) AND 9007, IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion (the "Motion")[2] of GT Advanced Technologies Inc. ("GT") and its

affiliated debtors as debtors in possession (collectively, "GTAT" or the "Debtors") for entry of

order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code")

and Rules 1015(c) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), as set forth more fully in the Motion; and this Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409;

and due and proper notice of the Motion being adequate and appropriate under the particular

circumstances; and upon consideration of the First Day Declaration; and this Court having

---

[1]     The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are:  GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      GTAT shall serve a printed copy of this Order upon all parties on the Master Service List (as defined herein) on the date this Final Order is entered, or as soon thereafter as is practicable.

3.      The Procedures set forth below are approved and shall govern all aspects of these chapter 11 cases, except as otherwise set forth herein or ordered by the Court:

**A.      Notice and Filing Procedures**

4.      All papers filed in these chapter 11 cases, including, but not limited to, all motions, pleadings, applications, other requests for relief, and any objections, responses and replies thereto (collectively, the "Pleadings"), shall be filed electronically with the Court on the docket of *In re GT Advanced Technologies Inc.*, Ch. 11 Case No. 14-[_____] (___) by registered users of the Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format.

5.      GTAT shall establish a master service list (the "Master Service List"), which shall initially include: (a) GT Advanced Technologies Inc., 243 Daniel Webster Highway, Merrimack, NH 03054 (Attn: General Counsel); (b) Paul Hastings LLP, 75 East 55th Street, New York, NY 10022, (Attn: Luc Despins, Esq. and Christopher Fong, Esq.), (c) Paul Hastings LLP, 600 Travis Street, 58th Floor, Houston, TX 77002 (Attn: James T. Grogan, III, Esq.); (d) Nixon Peabody

_____

(...continued)

2      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

LLP, 900 Elm Street Manchester, NH 03101-2031, (Attn: Daniel W. Sklar, Esq. and Holly J.

Barcroft, Esq.); (e) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite

605 Manchester, NH 03101, Attn: Geraldine L. Karonis; (f) the creditors holding the 30 largest

unsecured claims against GTAT's estates (on a consolidated basis) until an official committee of

unsecured creditors is appointed; (g) counsel to any official committee of unsecured creditors

appointed in these chapter 11 cases (the "Committee")[3]; (h) the indenture trustee for the Debtors'

(1) 3.00% Convertible Senior Notes due 2017, and (2) 3.00% Convertible Senior Notes due

2020, U.S. Bank National Association, 60 Livingston Avenue, St. Paul, MN 55107, Attn: Hazrat

R. Haniff; (i) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101,

Attn: District and Regional Directors; (j) U.S. Securities and Exchange Commission, 100 F

Street, NE, Washington, DC 20549; (k) Apple Inc., 1 Infinite Loop, Cupertino, CA 95014, Attn:

Jessica L. Fink, Senior Restructuring Counsel; and (l) those parties who have formally filed

requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

6.      Any creditor or party-in-interest that wishes to receive notice other than as

required in accordance with Bankruptcy Rule 2002 must file a notice of appearance and request

for service of papers (a "Request") with the Clerk of the Court and serve a copy of such Request

upon each of the parties set forth on the Master Service List.  Each Request must include such

party's (i) name, (ii) address, (iii) name of client, if applicable, (iv) telephone number, (v)

---

[3]        Until such time as an official committee of unsecured creditors is appointed in these chapter 11 cases, the
creditors holding the thirty (30) largest unsecured claims against GTAT's estates (on a consolidated basis)
shall be served as set forth herein. Upon the formation of an official committee of unsecured creditors, the
top thirty (30) creditors will be removed from any service list, unless the entities file a notice of appearance
as set forth herein.

facsimile telephone number, and (vi) electronic mail ("e-mail") address, unless such party files a request to be exempted from providing an e-mail address.

7.     To the extent that a Request fails to contain an e-mail address, such party shall not be entitled to additional service of papers, as described below, until such party (i) files a request to be exempted from providing an e-mail address and (ii) serves a copy of such request upon each of the parties set forth on the Master Service List as the date thereof; *provided*, *however*, that if a creditor or party-in-interest is directly affected by a Pleading but does not have an e-mail address or an e-mail address is not available to GTAT, the party shall be served by U.S. mail, facsimile, or hand delivery, the choice of the foregoing being in GTAT's sole discretion.  Each party having filed a Request shall be deemed to have consented to electronic service of papers.

8.     GTAT shall update the Master Service List on a monthly basis to include the names, addresses, and e-mail addresses of any party-in-interest who has made a written request for notice since the prior month.  In the event any changes are made, GTAT will file the updated Master Service List with the Court.

9.     Pleadings in this chapter 11 case shall only be served upon: (i) the parties then listed on the Master Service List; (ii) any parties that have, pursuant to Bankruptcy Rule 2002, formally appeared and requested service since the last Master Service List was filed with the Court; and (iii) any party against whom direct relief is sought in such matter; *provided*, *however*, that any attorney who represents multiple parties listed on the Master Service List need only be served with one copy of the Pleading being served.

10.     The proceedings with respect to which notice is proposed to be limited to parties included on the Master Service List would include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (i) notice of the first meeting of creditors pursuant to

4

section 341 of the Bankruptcy Code; (ii) the time fixed for filing proofs of claims pursuant to

Bankruptcy Rule 3003(c); (iii) the time fixed for filing objections to, and the hearing to consider

approval of, a disclosure statement and a plan of reorganization; (iv) notice of and transmittal of

ballots for accepting or rejecting a plan of reorganization; and (v) any sale of all or substantially

all of GTAT's assets.  Notice of the foregoing matters would be given to all parties-in-interest in

accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise

ordered by the Court.

  11. If service is effected by GTAT's or the Committee via electronic transmission,

GTAT or the Committee, as applicable, shall not be required to serve paper copies on interested

parties; service by electronic transmission shall satisfy the Court's rules for service and shall be

effective as of the date the paper is electronically transmitted to the e-mail addresses listed on the

Master Service List.  Parties other than GTAT and the Committee shall not be authorized to

effect service by electronic transmission.  All papers served by GTAT or the Committee by

electronic transmission would attach a file containing the entire paper served, including any

proposed form of order, exhibits, attachments, and other relevant materials, in portable document

(i.e., .pdf) format, readable by Adobe Acrobat or an equivalent program.  Notwithstanding the

foregoing, if a particular paper cannot be sent by electronic transmission (because of the paper's

size, technical difficulties, or other concerns), GTAT or the Committee could, in their sole

discretion, (i) serve the entire paper, including the portions that cannot be sent by electronic

transmission, by regular or overnight mail, as appropriate, including any proposed form of order,

exhibits, attachments, and other relevant materials or (ii) include a notation in the electronic

transmission that the paper cannot be annexed because of the paper's size, technical difficulties,

or other concerns and that the paper will be (a) sent by regular or overnight mail, as appropriate,

if requested by the recipient of the electronic transmission or (b) posted on the following website maintained in connection with these chapter 11 cases: www.kccllc.net/GTAT.

12.     Upon the completion of noticing of any particular matter, GTAT shall file with the Court either a declaration of service or certificate of service, annexing thereto the list of those parties to whom notice was provided.

**B.     Hearings and Related Procedural Matters**

13.     <u>Omnibus Hearings</u>.  GTAT is authorized to schedule, in cooperation with the Court, periodic omnibus hearings at which Pleadings shall be heard.  Unless otherwise ordered by the Court for good cause shown, all matters will be heard initially at these omnibus hearings.

14.     <u>Adversary Proceedings</u>.  Notwithstanding anything to the contrary herein, the Court shall set separate hearings for pre-trial conferences and trials in connection with adversary proceedings. Initial pre-trial conferences in connection with adversary proceedings shall be scheduled on the next available hearing date that is at least 30 days after the filing of a complaint.

15.     <u>Hearings Scheduled in Error</u>.  If a document is filed by a non-debtor party that purports to set a hearing date inconsistent with the Procedures herein, the hearing shall be scheduled, without the necessity of Court order, for the first omnibus hearing after the applicable notice period has expired.  If this occurs, GTAT shall provide the movant with notice of these Procedures within five business days of GTAT's receipt of the documents that are erroneously scheduled for hearing.

16.     <u>Guidelines for Setting a Hearing Date</u>.  Pleadings (other than those filed in accordance with paragraph 20 below) shall not be considered by the Court unless filed and served in accordance with these Procedures at least 14  calendar days before the scheduled

6

hearing date,  without taking in to account Bankruptcy Rule 9006(f); *provided*, *however*, that if a Pleading is to be served by regular U.S. mail only, it shall not be considered by the Court unless filed and served in accordance with these Procedures at least 17 calendar days before the scheduled hearing date.  Nothing in these Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rule 9006(b)-(c).

17. <u>Objection Deadlines</u>.  Objections to any Pleading shall be filed and served so as to ensure actual receipt on the earlier of (i) ten calendar days after the date of filing of the Pleading or (ii) seven calendar days before the applicable hearing date unless either (y) the movant establishes a longer response date or (x) the movant and the objecting party mutually agree to extend such deadline; <u>provided</u>, <u>however</u>, than an Objection shall not be filed later than seven calendar days before the applicable hearing date without leave of the Court.  The objection will not be considered timely filed unless filed with the Court and received by all parties on the Master Service List and the interested movant, on or before the applicable Objection Deadline. All parties filing an objection shall include their telephone number and address in the signature block on the last page of the objection.

18. <u>Deadline for Filing Reply</u>.  Unless otherwise ordered by the Court, a reply to an objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon, prevailing Eastern Time, on the day that is at least one business day before the date of a hearing.

19. <u>Relief Without a Hearing</u>.  The Court may approve the relief requested in an original Pleading without a hearing provided that (i) no objection or request for a hearing has been timely filed by the applicable Objection Deadline, (ii) after the Objection Deadline, the

attorney for the moving party files with the Court (and if the motion, application, or other paper was filed by a party other than GTAT, serves by hand delivery or overnight mail upon the attorneys for GTAT), a certificate stating that no objections to such Pleading have been timely filed and served upon the moving party (a "Certificate of No Objection") along with an order granting the relief requested in the applicable Pleading. Notwithstanding the foregoing, if an objection or request for a hearing has been timely filed by the applicable Objection Deadline, the Court may approve the relief requested in an original Pleading without a hearing provided that, after the Objection Deadline, the attorney for the moving party files with the Court (and if the motion, application, or other paper was filed by a party other than GTAT, serves by hand delivery or overnight mail upon the attorneys for GTAT), a certificate stating that the objection has been resolved by agreement (a "Certificate of Counsel") along with an order granting the relief requested in the applicable Pleading. Upon receipt of the Certificate of No Objection or the Certificate of Counsel, the Court may enter the order granting the relief requested in the Pleading without further submission, hearing, or request. If the Court does not enter the order provided with the Certificate of No Objection or the Certificate of Counsel at least one (1) business day prior to the hearing date set in accordance with the Procedures, the Pleading will be considered by the Court at such hearing.

20. <u>Request for Shortened Notice</u>. Subject to LBR 9073-1(b), a party-in-interest may move the Court for: (i) emergency consideration of a motion at a hearing before the next Omnibus Hearing and upon shortened notice (an "<u>Emergency Hearing</u>"); (ii) consideration of a motion at the next Omnibus Hearing upon shortened time; or (iii) some other reduction of a time period under Bankruptcy Rules 9006(b) or 9006(c) or the Procedures; *provided*, *however*, that any party-in-interest seeking an Emergency Hearing shall contact counsel for GTAT and counsel

for the Committee, and if there is an agreement that expedited relief is necessary, then the movant or applicant shall notify the Court telephonically of such request prior to filing the motion and request for expedited relief.  If GTAT or the Committee disagree with the request for expedited relief, the movant or applicant shall: (i) inform the Court of the disagreement via telephone; and (ii) arrange thereafter for a chambers conference either telephonic or in-person, to be held among the Court, counsel to GTAT, counsel to any committee, the U.S. Trustee and the movant or applicant to discuss the disagreement.  If the Court agrees with the movant or applicant's position, the motion and the request for expedited relief may be filed.  If GTAT seeks emergency or expedited relief, such request for emergency or expedited consideration shall be upon prior notice to the parties listed on the Master Service List.  Such parties shall have an opportunity to be heard on the emergency or expedited relief sought by GTAT.

21.     <u>Bridge Orders Not Required in Certain Circumstances</u>. If a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the LBR or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the motion, without the necessity of a bridge order.

22.     <u>Notices of Hearing</u>.  A "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (i) the title of the Pleading; (ii) the parties upon whom any objection to the Pleading is required to be served; (iii) the date and time of the applicable Objection Deadline; (iv) the date of the hearing at which the Pleading shall be considered by the Court; and (v) a statement that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with these Procedures.  The applicable Objection Deadline

and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing.

23.     Proposed Agenda for Hearings.  By approximately 12:00 noon on the day prior to each hearing day, GTAT's counsel shall provide to the Court, the parties listed in the Master Service List, and any additional parties in interest, a proposed agenda letter with regard to the matters which are or were to be heard on such hearing day.  The agenda letter may and should be updated after the initial submission if necessary.  The agenda letter shall list disputed matters first and will be limited to substantive Pleadings – motions and responses — and need not include the supporting affidavits, exhibits, or miscellaneous filings, such as notices of adjournment and certificates of service.

24.     Telephonic Appearances.  Telephonic appearances shall be governed by LBR 9074-1.  In addition, a party permitted to make a telephonic appearance under LBR 9074-1 must notify counsel to GTAT at least 48 hours prior to the scheduled hearing.

25.     Settlements.  In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing on the hearing day.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from what parties-in-interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, GTAT shall serve such notice in accordance with the procedures set forth herein and a hearing to consider such settlement shall be held on the next hearing day deemed appropriate by the Court.

C.      **Automatic Stay Proceedings**

26.      <u>Hearings and Objection Deadlines</u>.  Notwithstanding anything contained herein to the contrary, motions for relief from the automatic stay filed pursuant to section 362 of the Bankruptcy Code must be noticed for consideration on the omnibus hearing date that is at least twenty-five days after the motion is filed and notice is served upon GTAT.  Unless otherwise ordered by the Court, the objection deadline shall be five calendar days before the scheduled hearing.

27.      <u>Automatic Relief Provision Inapplicable</u>.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is adjourned to a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

D.      **General Provisions**

28.      GTAT may amend the Procedures from time to time throughout these chapter 11 cases and shall present such amendments to the Court by motion in accordance with the terms and provisions of this Final Order.

29.      In the event of any actual or perceived conflict between the Procedures set forth in this Final Order and the Federal Rules of Bankruptcy Procedure or the LBR, then the Procedures set forth in this Final Order shall govern.

30.     GTAT shall serve a printed copy of this Final Order upon all parties on the Master Service List on the date this Final Order is entered, or as soon thereafter as is practicable.

31.     The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

32.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Final Order.


Dated: _____, 2014
        Manchester, NH


        _____
        CHIEF UNITED STATES BANKRUPTCY JUDGE

12