# EXHIBIT A

## PROPOSED INTERIM ORDER

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
: 
*In re:* : Chapter 11
: 
**GT ADVANCED TECHNOLOGIES INC.,** *et al.*,: Case No. 14-_____ (____)
: 
Debtors.[1] :
: Jointly Administered
: 
---------------------------------------------------------------x RE: Docket No. __

**INTERIM ORDER GRANTING DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b), 503(b)(9), AND 105(a) AND BANKRUPTCY RULES 6003 AND 6004, FOR ENTRY OF ORDER AUTHORIZING (A) DEBTORS TO PAY THE PREPETITION CLAIMS OF CERTAIN CRITICAL DOMESTIC AND FOREIGN VENDORS, AND (B) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS PREPETITION CHECKS AND TRANSFERS TO CERTAIN CRITICAL VENDORS**

Upon the motion (the "Motion")[2] of GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession (collectively, ("GTAT" or the "Debtors"), for entry of an interim order (the "Interim Order") and final order (the "Final Order"), pursuant to sections 363(b), 503(b)(9), and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, as set forth more fully in the Motion; and this Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to GTAT and its estates, as contemplated by Bankruptcy Rule 6003; and upon consideration of the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. GTAT's payment of the Critical Vendor Claims shall not exceed $15 million (the "Interim Critical Vendor Cap") in the aggregate, unless otherwise ordered by this Court, after notice and a hearing. All claims authorized to be paid hereunder shall be paid either in U.S. Dollars or the applicable foreign currency used to pay such claims consistent with GTAT's past practices. As such, a U.S. Dollar in this Order shall be adjusted upward, if necessary, to account for foreign exchange conversion costs of paying such claims with the applicable foreign currency.

3. GTAT shall first apply all payments to Critical Vendors to the Critical Vendor's claims, if any, for goods received by GTAT within 20 days prior to the Petition Date (it being understood that any such payments shall be subject to the Interim Critical Vendor Cap).

4. As a condition to payment of the Critical Vendor Claims, unless otherwise modified or waived by GTAT in its sole discretion, the Critical Vendors are hereby required to continue to provide goods and services to GTAT on the most favorable terms in effect between such Critical Vendor and GTAT in the 12 months before the Petition Date, or on such other

2

favorable terms as GTAT and the Critical Vendor may otherwise agree (such terms, the "Customary Trade Terms").  The Customary Trade Terms shall apply throughout these chapter 11 cases, as long as GTAT agrees to pay for such goods in accordance with such terms.  GTAT's use of the Critical Vendor Letter, substantially in the form attached as Exhibit C to the Motion, is hereby approved.

5. GTAT is hereby authorized, in its discretion, to obtain written verification before issuing payment to a Critical Vendor that such Critical Vendor will continue to provide goods and services to GTAT on Customary Trade Terms throughout these chapter 11 cases; provided, however, that the absence of such written verification will not limit GTAT's rights hereunder.

6. If any Critical Vendor accepts payment on account of a Critical Vendor Claim and thereafter fails to provide GTAT with the requisite Customary Trade Terms, any such payment shall be deemed an unauthorized postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by GTAT in cash or goods, or, at GTAT's option, may be applied as a credit against any outstanding postpetition claims held by such Critical Vendor.  Upon recovery of a payment made in respect of a Critical Vendor Claim, such claim shall be reinstated as a prepetition claim in the amount so recovered, less GTAT's reasonable costs of recovery, including attorneys' fees.

7. Any party receiving payment from GTAT is authorized and directed to rely upon the representations of GTAT as to which payments are authorized by this Interim Order.  The Banks on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such Banks

3

are authorized to rely on GTAT's designation of any particular check or electronic payment request as approved by this Interim Order.

8. Nothing in the Motion or this Interim Order, or GTAT's payment of any claims pursuant to this Order, shall be deemed or construed (a) as an admission as to the validity of any claim or lien against GTAT or its estates, (b) as a waiver of GTAT's rights to dispute any claim or lien, or (c) to prejudice any of GTAT's rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Critical Vendor.

9. Nothing in the Motion or this Interim Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code and all such rights are reserved.

10. The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied by the contents of the Motion or otherwise deemed waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) have been satisfied by such notice or otherwise deemed waived.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

13. The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

14. All time periods set forth in this Interim Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15. GTAT is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16. The final hearing, if required, to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on _____, 2014 at __:__ a.m. / p.m. (E.T.); and any objection to entry of such order shall be in writing, filed with this Court, and served upon the parties noticed with the Motion, in each case so as to be received no later than _____, 2014 at 4:00 p.m. (E.T.).  If no such objection is filed to the Motion in accordance with this provision, this Court may enter the relief requested herein on a final basis without further notice or hearing.

17. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Interim Order.

Dated:_____, 2014
      Manchester, NH

                                              _____
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE