## **EXHIBIT B**

**PROPOSED FINAL ORDER**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

```
----------------------------------------------------------x
                                          :
In re:                                    :    Chapter 11
                                          :
GT ADVANCED TECHNOLOGIES INC., et al.,:   Case No. 14-_____ (____)
                                          :
        Debtors.¹                         :
                                          :    Jointly Administered
                                          :
----------------------------------------------------------x    RE: Docket No. __
```

**FINAL ORDER GRANTING DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 363(b), 503(b)(9), AND 105(a) AND BANKRUPTCY RULES 6003 AND 6004, FOR ENTRY OF ORDER AUTHORIZING (A) DEBTORS TO PAY THE PREPETITION CLAIMS OF CERTAIN CRITICAL DOMESTIC AND FOREIGN VENDORS, AND (B) FINANCIAL INSTITUTIONS TO HONOR AND PROCESS PREPETITION CHECKS AND TRANSFERS TO CERTAIN CRITICAL VENDORS**

Upon the motion (the "Motion")² of GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession (collectively, ("GTAT" or the "Debtors"), for entry of an interim and final order (the "Final Order"), pursuant to sections 363(b), 503(b)(9), and 105(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, as set forth more fully in the Motion; and this Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to GTAT and its estates, as contemplated by Bankruptcy Rule 6003; and upon consideration of the First Day Declaration; and it appearing that the relief requested is in the best interests of GTAT's estates, its creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested

---

¹      The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

²      Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being

proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Motion being adequate and appropriate under the particular circumstances; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and upon all of the proceedings had before this Court; after due

deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

     1.      The Motion is GRANTED on a final basis as set forth herein.

     2.      GTAT's payment of the Critical Vendor Claims shall not exceed $25 million (the

"Final Critical Vendor Cap") in the aggregate, unless otherwise ordered by this Court, after

notice and a hearing.  All claims authorized to be paid hereunder shall be paid either in U.S.

Dollars or the applicable foreign currency used to pay such claims consistent with GTAT's past

practices.  As such, a U.S. Dollar in this Order shall be adjusted upward, if necessary, to account

for foreign exchange conversion costs of paying such claims with the applicable foreign

currency.

     3.      GTAT shall first apply all payments to Critical Vendors to the Critical Vendor's

claims, if any, for goods received by GTAT within 20 days prior to the Petition Date (it being

understood that any such payments shall be subject to the Final Critical Vendor Cap).

     4.      As a condition to payment of the Critical Vendor Claims, unless otherwise

modified or waived by GTAT in its sole discretion, the Critical Vendors are hereby required to

continue to provide goods and services to GTAT on the most favorable terms in effect between

such Critical Vendor and GTAT in the 12 months before the Petition Date, or on such other

favorable terms as GTAT and the Critical Vendor may otherwise agree (such terms, the

2

"Customary Trade Terms").  The Customary Trade Terms shall apply throughout these chapter 11 cases, as long as GTAT agrees to pay for such goods in accordance with such terms.  GTAT's use of the Critical Vendor Letter, substantially in the form attached as Exhibit C to the Motion, is hereby approved.

5.    GTAT is hereby authorized, in its discretion, to obtain written verification before issuing payment to a Critical Vendor that such Critical Vendor will continue to provide goods and services to GTAT on Customary Trade Terms throughout these chapter 11 cases; provided, however, that the absence of such written verification will not limit GTAT's rights hereunder.

6.    If any Critical Vendor accepts payment on account of a Critical Vendor Claim and thereafter fails to provide GTAT with the requisite Customary Trade Terms, any such payment shall be deemed an unauthorized postpetition transfer under section 549 of the Bankruptcy Code and shall be recoverable by GTAT in cash or goods, or, at GTAT's option, may be applied as a credit against any outstanding postpetition claims held by such Critical Vendor.  Upon recovery of a payment made in respect of a Critical Vendor Claim, such claim shall be reinstated as a prepetition claim in the amount so recovered, less GTAT's reasonable costs of recovery, including attorneys' fees.

7.    Any party receiving payment from GTAT is authorized and directed to rely upon the representations of GTAT as to which payments are authorized by this Final Order.  The Banks on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such Banks are authorized to rely on GTAT's designation of any particular check or electronic payment request as approved by this Interim Order.

3

8.      Nothing in the Motion or this Final Order, or GTAT's payment of any claims pursuant to this Order, shall be deemed or construed (a) as an admission as to the validity of any claim or lien against GTAT or its estates, (b) as a waiver of GTAT's rights to dispute any claim or lien, or (c) to prejudice any of GTAT's rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Critical Vendor.

9.      Nothing in the Motion or this Final Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code and all such rights are reserved.

10.      The requirements set forth in Bankruptcy Rule 6003(b) have been satisfied by the contents of the Motion or otherwise deemed waived.

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) have been satisfied by such notice or otherwise deemed waived.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

13.      The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

14.      All time periods set forth in this Final Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.      GTAT is authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Final Order.

Dated:_____, 2014
        Manchester, NH

_____
CHIEF UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT C**

**CRITICAL VENDOR LETTER**

[Critical Vendor Letter]


_____ __, 2014

TO:     [Vendor]
        [Name]
        [Address]


Dear Vendor:

As you may be aware, on ____, 2014 (the "Petition Date"), GT Advanced Technologies Inc. ("GT") and certain of its subsidiaries and affiliates, as debtors and debtors in possession (collectively, "GTAT" or the "Debtors"), each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court").  On the Petition Date, we requested authority from the Bankruptcy Court to pay certain vendors and suppliers in recognition of, among other things, the importance of our relationship with such vendors and suppliers and our desire that the restructuring efforts have as little effect on our business as possible.  On _____ __, 2014, the Bankruptcy Court entered an order (the "Critical Vendor Order") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain trade creditors that agree to the terms set forth below and to be bound by the terms of the Critical Vendor Order.  A copy of the Critical Vendor Order is enclosed.

To receive payment on pre-bankruptcy claims, we require each selected trade creditor to agree to continue supplying goods to GTAT based on "Customary Trade Terms" as described in the Critical Vendor Order and this agreement (the "Agreement").  In the Critical Vendor Order, Customary Trade Terms are defined as the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowance, rebates, coupon reconciliation, normal product mix and availability, and other applicable terms and programs) which were favorable to GTAT and in effect between such trade creditor and GTAT on an historical basis for the period within 12 months of the Petition Date (the "Prepetition Trade Terms"), or such other trade terms as we mutually agree.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, you and GTAT agree as follows:

Subject to the below, the estimated balance of the prepetition trade claim (net of any setoffs, credits or discounts) (the "Trade Claim") is $___.  Your Trade Claim does not constitute a claim allowed by the Bankruptcy Court, and signing this Agreement does not excuse you from any requirement of filing a proof of claim in the bankruptcy proceedings, including, without limitation, for any portion of your Trade Claim not paid in accordance with this Agreement, if any.

To the extent any portion of the Trade Claim remains outstanding following agreement as to the amount of the Trade Claim, either party may seek a determination from the Bankruptcy Court as to the allowability and timing of payment as to such disputed portion of the Trade Claim.

In consideration for the obligations and payment terms described herein, you agree not to file or otherwise assert, against any or all of the Debtors, their estates or any other person or entity or any of their respective assets or property (real or personal) any lien (a "Lien") or claim for reclamation (a "Reclamation Claim"), regardless of the statute or other legal authority upon which such Lien or Reclamation Claim may be asserted, related in any way to any remaining prepetition amounts allegedly owed to you by GTAT prior to the Petition Date and, to the extent you already obtained or otherwise asserted such a Lien or Reclamation Claim, you shall (at your expense) immediately take whatever actions are necessary to remove such Lien or withdraw such Reclamation Claim.

You will hereafter extend to GTAT all Customary Trade Terms, which are:

o  [ADD INDIVIDUALIZED SET OF CUSTOMARY TRADE TERMS]

Your execution of this Agreement and the return of the same to GTAT constitute an agreement by you and GTAT:

to the Customary Trade Terms and, subject to the reservations contained in the Critical Vendor Order, to the amount of the Trade Claim set forth above;

that you will continue to supply GTAT with goods pursuant to the terms hereof and that GTAT will pay for such goods in accordance with the terms hereof;

that you have reviewed the terms and provisions of the Critical Vendor Order and acknowledge that you are bound by such terms;

that you will not separately seek payment for reclamation or similar claims outside of the terms of the Critical Vendor Order;

that you agree to be subject to the jurisdiction of the Bankruptcy Court for purposes of resolving any disputes arising under, related to, or in connection with this Agreement; and

that if you refuse to supply goods in accordance with the Customary Trade Terms or this Agreement, any payments received by you on account of your Trade Claim will be deemed to have been in payment of postpetition obligations owed to you and you will immediately repay to GTAT any payments made to you on account of your Trade Claim to the extent that the aggregate amount of such payments exceed the postpetition obligations, without the right of any setoffs, reclamation, or other defense.

You and GTAT also hereby agree that any dispute with respect to this Agreement, the Critical Vendor Order or the payment of your Trade Claim, in whole or in part, shall be determined by Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call [Name] at (__) _____ or [Name] at (__) _____.

Sincerely,
[Debtors]
By: _____
Its: _____

Agreed and Accepted by:
[Name of Trade Vendor]

By: _____
Its: _____

Dated: