## **EXHIBIT C**

**PROPOSED FINAL ORDER**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
:
*In re:* : Chapter 11
:
**GT ADVANCED TECHNOLOGIES INC.,** *et al.*, : Case No. 14-_____ (____)
:
**Debtors.**[1] :
: Jointly Administered
:
---------------------------------------------------------------x RE: Docket No. __

**FINAL ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 363(b)
AND BANKRUPTCY RULES 6003 AND 6004, (A) AUTHORIZING DEBTORS'
PAYMENT OF CERTAIN PREPETITION SHIPPING AND DELIVERY CHARGES
AND (II) MECHANIC'S LIEN CHARGES AND (B) AUTHORIZING AND DIRECTING
BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS
AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

Upon the motion (the "Motion")[2] of GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession (collectively, "GTAT" or the "Debtors") for entry of a final order (the "Final Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, (a) authorizing, but not directing, GTAT to pay (i) prepetition shipping and delivery charges, (ii) certain prepetition import obligations, and (iii) prepetition mechanic's lien charges, and (b) authorizing and directing banks and financial institutions (the "Banks") to honor and process checks and transfers related to such obligations, as more fully described in the Motion; and this Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to GTAT and its

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters is located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

estates, as contemplated by Bankruptcy Rule 6003; and upon consideration of the First Day Declaration; and it appearing that the relief requested is in the best interests of GTAT's estates, its creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein.

2. Subject to paragraph 3 herein, GTAT is authorized, but not directed, to make payments, either directly or indirectly, to the Shippers and Warehousemen for the obligations owing in respect of the Shipping and Warehousing Charges as GTAT determines, in the exercise of its business judgment, are necessary or appropriate to ensure the delivery of raw materials, supplies, finished products and other property (collectively, the "Goods") to and from GTAT's facilities domestically and abroad.  GTAT is authorized, but not directed, to pay prepetition Shipping and Warehousing Charges, in the ordinary course of business, in an aggregate amount of up to $3.4 million, without prejudice to seek additional relief on an emergency basis.

3. GTAT proposes that any payments made to Shippers and Warehousemen pursuant to this Final Order be subject to the following conditions:

    (a) GTAT, in its sole discretion, shall determine which parties, if any, are entitled to payment under this Final Order;

(b) If a Shipper or Warehouseman accepts payment under this Final Order, that party is deemed to have agreed to (i) release any liens it may have on GTAT's goods or property, (ii) subject to subparagraph (d) below, continue to provide goods or services to GTAT on Customary Trade Terms during the pendency of these chapter 11 cases. The term "Customary Trade Terms" means (x) the most favorable trade terms and conditions, including credit terms, in effect between the Shippers and Warehouseman, as the case may be, and GTAT during the 180 days preceding the Petition Date[3] or (y) such other trade terms as GTAT and a Shipper or Warehouseman may mutually agree upon;

(c) Subject to subparagraph (d), if a party accepts payment under this Final Order and thereafter does not continue to provide goods or services to GTAT on Customary Trade Terms during the pendency of these chapter 11 cases, then (i) any payment on a prepetition claim received by such party will be deemed to be an unauthorized voidable postpetition transfer under section 549 of the Bankruptcy Code and, therefore, at GTAT's option (A) recoverable in cash upon written request, or (B) applied as a credit against any outstanding postpetition claims held by such Shipper or Warehousemen, and (ii) subject to subparagraph (f) below, upon recovery by GTAT, any such prepetition claim will be reinstated as if the payment had not been made, less GTAT's reasonable costs and attorneys' fees in recovering such amounts;

(d) In the event of the assertion of a possessory lien against a GTAT entity's property that prevents GTAT from accessing its property without payment of the prepetition claim giving rise to the lien, GTAT may pay the claim without regard to subparagraphs (b)(ii) and (c) above;

(e) Prior to making a payment to a party under this Final Order, GTAT may, in its absolute discretion, settle all or part of the prepetition claims of such party for less than their face amount, without further notice or hearing. In any event, GTAT may elect to pay part of a prepetition claim under the authorization requested here, leaving the remainder of the claim to be addressed pursuant to a chapter 11 plan;

(f) If GTAT seeks to recover payments under subparagraph (c) above, nothing will preclude a party from contesting such treatment by making a written request (the "Request") to GTAT to schedule a hearing before this Court. Except as otherwise ordered by the Court, if a Request is made, then the hearing on the Request will be the next scheduled hearing date

---

[3] In the event that the relationship between the party accepting payment under this Final Order and GTAT does not extend at least 180 days prior to the Petition Date, the Customary Trade Terms shall mean the terms that the party generally extends to its customers or such terms as are acceptable to GTAT in the reasonable exercise of its business judgment.

3

not less than thirty (30) days after GTAT receive the Request, and GTAT will provide notice to the requesting party and all other interested parties or parties requesting notice in these cases, in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of New Hampshire, and orders of this Court.

4. GTAT is authorized, but not directed, to make payments on account of the Import/Export Charges that GTAT determines, in the exercise of its business judgment, are necessary or appropriate to secure the import or export of Goods. GTAT is authorized, but not directed, to pay prepetition Import/Export Charges, in the ordinary course of business, without prejudice to seek additional relief on an emergency basis.

5. GTAT is authorized, but not directed, to make payments on account of all Mechanic's Lien Charges, whether relating to the period prior to or after the Petition Date, as GTAT determines, in the exercise of its business judgment, to be necessary or appropriate to obtain the release of liens against real or personal property of GTAT (whether or not that property is in the possession or control of any Mechanic). GTAT is authorized, but not directed, to pay prepetition Mechanic's Lien Charges, in the ordinary course of business, in an aggregate amount of up to $415,000, without prejudice to seek additional relief on an emergency basis.

6. GTAT is authorized, but not directed, to maintain its Customs Bonds.

7. Nothing in this Final Order or the Motion shall be construed as prejudicing any rights GTAT may have to dispute or contest the amount of or basis for any claims or liens asserted against GTAT arising in connection with the Shipping and Warehousing Charges, Mechanic's Lien Charges or Import/Export Charges or as an admission as to the validity or priority of any claim or lien against GTAT.

8. Nothing in the Motion or this Final Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code and all such rights are reserved.

9. Any party receiving payment from GTAT is authorized and directed to rely upon the representations of GTAT as to which payments are authorized by this Final Order. The Banks on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such Banks are authorized to rely on GTAT's designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following GTAT's instructions.

10. Neither GTAT nor its officers, directors, attorneys or agents shall have any liability on account of any decision by GTAT not to pay any Shipping and Warehousing Charges, Mechanic's Lien Charges or Import/Export Charges, and nothing contained in this Final Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect any such charge to the extent it is not paid.

11. Nothing in the Motion or this Final Order, nor GTAT's implementation of the relief granted in this Final Order, shall be deemed to modify or waive any of GTAT's rights with respect to goods and services requested or received from the Shippers and Warehousemen or the Customs Brokers, including GTAT's rights to (a) cancel or contest any invoice on any grounds, or (b) decline the acceptance of goods and services.

12. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are satisfied by such notice or otherwise deemed waived.

14.     The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

15.     GTAT is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2014  
      Manchester, NH  
                                                         CHIEF UNITED STATES BANKRUPTCY JUDGE