UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------- x
                                                                 :
*In re:*                                                         :   Chapter 11
                                                                 :
GT ADVANCED TECHNOLOGIES INC., *et. al.*,                        :   Case No. 14-11916 (HJB)
                                                                 :
Debtors.[1]                                                      :
                                                                 :   Jointly Administered
                                                                 :
                                                                 :   RE: Docket Nos. 4 & 24
                                                                 :
---------------------------------------------------------------- x

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 345(b), 363(c)(1), 364(a), 364(b), AND 503(b)(1), BANKRUPTCY RULES 6003 AND 6004, (A) AUTHORIZING DEBTORS TO USE EXISTING CASH MANAGEMENT SYSTEM, (B) AUTHORIZING AND DIRECTING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS, (C) AUTHORIZING CONTINUED USE OF INTERCOMPANY TRANSACTIONS, (D) WAIVING REQUIREMENTS OF SECTION 345(b) OF BANKRUPTCY CODE AND (E) AUTHORIZING DEBTORS TO USE EXISTING BANK ACCOUNTS AND EXISTING BUSINESS FORMS**

Upon the motion (the "Motion") [2] of GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession (collectively, "GTAT" or the "Debtors"), for entry of an order pursuant to Bankruptcy Code sections 105(a), 345(b), 363(c)(1), 364(a), 364(b), and 503(b)(1), Bankruptcy Rules 6003 and 6004, as set forth more fully in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

appropriate under the particular circumstances; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. GTAT is authorized and empowered to continue to manage its cash pursuant to its existing Cash Management System, and to collect, concentrate, and disburse cash in accordance with such Cash Management System.

3. All Banks with which GTAT maintains Debtor Bank Accounts as of the Petition Date are authorized and directed to continue to treat, service, and administer such Debtor Bank Accounts as accounts of the respective GTAT entity as a debtor in possession account without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Debtor Bank Accounts by the holders or makers thereof, as the case may be; provided that, GTAT and the Banks may, without further order of this Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts.

4. Notwithstanding anything to the contrary in any other order of this Court, the Banks (a) are authorized and directed to accept and honor all representations from GTAT as to which checks, drafts, wires, or ACH transfers should be honored or dishonored, consistent with any orders of this Court and governing law, whether such checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether the Banks believe the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

payment is or is not authorized by an order of this Court, (b) have no duty to inquire as to whether such payments are authorized by an order of this Court, and (c) such Banks shall not have any liability to any party for relying on such representations by GTAT as provided for herein.

5.  The Banks shall not be liable to any party on account of (a) following GTAT's instructions or representations as to any order of this Court, (b) the honoring of any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored, or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

6.  Any payment from a Debtor Bank Account at the request of GTAT made by a Bank prior to the Petition Date (including any ACH transfer that such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of GTAT pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition, whether or not actually debited from the Debtor Bank Account prepetition. For the avoidance of doubt, this Order shall not permit a Bank to honor any check that is presented for payment after the Petition Date if that check was issued by GTAT before the Petition Date.

7.  Nothing contained herein shall prevent GTAT from closing any of its Debtor Bank Accounts or opening any additional bank accounts, provided that such Bank is a party to a Uniform Depository Agreement with the U.S. Trustee, as it may deem necessary and appropriate, to the extent consistent with the terms of any orders of this Court relating thereto, and any relevant bank is authorized to honor GTAT's request to close or open such Debtor Bank Accounts or additional bank accounts, as the case may be; provided, however, that GTAT shall give notice within seven (7) days to the U.S. Trustee and any statutory committees appointed in

these chapter 11 cases of the opening of any additional bank accounts or the closing of any Debtor Bank Accounts and shall report the opening or closing of any Debtor Bank Account on the monthly operating report next submitted to the U.S. Trustee.

8. The Banks, in accordance with current practice and the agreement governing the Debtor Bank Accounts, are authorized to "charge back" to GTAT accounts any amounts incurred by the Banks resulting from returned checks or other returned items, and GTAT is authorized to pay any fees and expenses owed to the Banks, in each case regardless of whether such items were deposited prepetition or postpetition or relate to prepetition or postpetition items. Each of GTAT's Banks is authorized to debit GTAT's accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on GTAT's accounts that are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of GTAT's accounts with such Bank prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent GTAT was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

9. Any party receiving payment from GTAT is authorized and directed to rely upon the representations of GTAT as to which payments are authorized by this Order.

10. GTAT's continued use of its Cash Management System shall be deemed to comply with section 345 of the Bankruptcy Code.

11. To the extent necessary to execute the Cash Management System and manage the day-to-day operations of its businesses, GTAT is authorized to continue to engage in

Intercompany Transactions postpetition, in the ordinary course of business. GTAT shall continue to maintain records with respect to all transfers of cash or property (including pursuant to such transactions) so that all Intercompany Transactions may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

12. Any claim against a Debtor arising from postpetition Intercompany Transactions shall be given administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

13. GTAT is authorized to (a) designate, maintain, and use any or all of the Debtor Bank Accounts in existence as of the Petition Date listed on Schedules 1 and 2 annexed hereto, (b) deposit funds into and withdraw funds from such accounts by all usual means, including checks, wire transfers, automated transfers, and other debits, (c) close existing accounts, including, without limitation, any inactive accounts, and (d) treat their prepetition Debtor Bank Accounts for all purposes as debtor in possession accounts.

14. For all Banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of this Order, GTAT shall (a) contact such Bank, (b) provide the Bank with each of GTAT's tax identification numbers, and (c) identify each of its bank accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

15. For Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, GTAT shall use its good-faith efforts to cause the bank to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the date of entry of this Order. GTAT shall close its account with Santander Bank (account no. ending in 8960) within thirty days after entry of this Order.

16. GTAT is authorized to continue to use its check stock substantially in the form existing immediately before the Petition Date, without reference to its status as debtors in possession, <u>provided</u>, <u>however</u>, that GTAT will print "Debtors in Possession" or "DIP" and the lead case number on any new or reordered check stock as soon as practicable.

17. Nothing in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim against GTAT.

18. Nothing in the Motion or this Order shall be deemed or construed as an approval of an assumption or rejection of any contract pursuant to section 365 of the Bankruptcy Code and all such rights are reserved.

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice or otherwise deemed waived.

20. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

22. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

23. This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: October 9, 2014
Manchester, NH

/s/ Henry J. Boroff

_____
HONORABLE HENRY J. BOROFF
UNITED STATES BANKRUPTCY JUDGE

## **SCHEDULE 1**

**DOMESTIC BANK ACCOUNTS**

| BANK | LAST FOUR DIGITS OF ACCOUNT | ACCOUNT HELD BY | ADDRESS | TYPE OF ACCOUNT |
|---|---|---|---|---|
| Bank of America | 3294 | GTAT Corporation | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 5002 | GTAT Corporation | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 4487 | GTAT Corporation | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 1546 | GTAT Corporation | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 7590 | GTAT Corporation | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 4718 | GTAT Corporation | 100 Federal Street Boston, MA 02110 | Investment Account |
| Bank of America | 5254 | GTAT Corporation | 100 Federal Street Boston, MA 02110 | Investment Account |
| Santander Bank | 8960 | GTAT Corporation | 75 State Street Boston, MA 02109 | Money Market Account |
| Bank of America | 6508 | GTAT Corporation | 100 Federal Street Boston, MA 02110 | Deposit Account |
| Bank of America | 8144 | GT Advanced Equipment Holding LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 3803 | GT Advanced Equipment Holding LLC | 100 Federal Street Boston, MA 02110 | Investment Account |
| Bank of America | 8343 | Lindbergh Acquisition Corp. | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 5023 | GT Advanced Cz LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America | 6497 | GT Advanced Cz LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Wells Fargo | 2633 | GT Sapphire Systems Group LLC | 1 Front St, 21st Fl. San Francisco, CA 94111 | Operating Account |
| Bank of America | 7965 | GT Sapphire Systems Group LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |

2

| BANK | LAST FOUR DIGITS OF ACCOUNT | ACCOUNT HELD BY | ADDRESS | TYPE OF ACCOUNT |
|---|---|---|---|---|
| Bank of America | 9105 | GT Sapphire Systems Group LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |

## SCHEDULE 2

**FOREIGN DEBTOR BANK ACCOUNTS**

| BANK | LAST FOUR DIGITS OF ACCOUNT | ACCOUNT HELD BY | ADDRESS | TYPE OF ACCOUNT |
|---|---|---|---|---|
| Bank of America (US) | 7350 | GT Advanced Technologies Limited | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America (Hong Kong) | 2022 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Operating Account |
| Bank of America (Hong Kong) | 2014 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Operating Account |
| Bank of America (Hong Kong) | 2030 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Operating Account |
| Bank of America (Hong Kong) | 2056 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Operating Account |
| Bank of America (Hong Kong) | 2048 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Operating Account |
| Bank of America (Hong Kong) | 9201 | GT Advanced Technologies Limited | 9/F Devon House 979 King's Road Hong Kong | Deposit Account |

# SCHEDULE 3

## NON-DEBTOR FOREIGN ACCOUNTS

| BANK | LAST FOUR DIGITS OF ACCOUNT | ACCOUNT HELD BY | ADDRESS | TYPE OF ACCOUNT |
|---|---|---|---|---|
| Bank of America | 3253 | GTAT IP Holding LLC | 100 W 33rd St. New York, NY 10001 | Deposit Account |
| Bank of America (Luxembourg) | 1013 | GT Advanced Technologies Luxembourg Sarl | Uitbreidingstraat 180, Box 6, B2600, Antwerp Belgium | Deposit Account |
| Bank of America | 2018 | GT Advanced Technologies GmbH | Neue Mainzer Strasse 52, 60311 Frankfurt am Main, Germany | Operating Account |
| Bank of America | 2026 | GT Advanced Technologies GmbH | Neue Mainzer Strasse 52, 60311 Frankfurt Am Main, Germany | Operating Account |
| HSBC Bank (Taipei) | 1334 | GT Advanced Technologies Taiwan | No 68, Nanking East Rd., Sec 3, Taipei City Taiwan | Operating Account |
| HSBC Bank (Taipei) | 1388 | GT Advanced Technologies Taiwan | No 68, Nanking East Rd., Sec 3, Taipei City Taiwan | Deposit Account |
| HSBC Bank (Taipei) | 1821 | GT Advanced Technologies Taiwan | No 68, Nanking East Rd., Sec 3, Taipei City Taiwan | Deposit Account |
| Bank of America, Taiwan | 7013 | GT Advanced Technologies Taiwan | 6F-10, No. 38, Taiyuan Street, Jhubei City, Hsinchu County, 30265, Taiwan R.O.C. | Operating Account |
| Bank of America, Taiwan | 7055 | GT Advanced Technologies Taiwan | 6F-10, No. 38, Taiyuan Street, Jhubei City, Hsinchu County, 30265, Taiwan R.O.C. | Operating Account |
| HSBC Bank (China) | 7055 | GT Solar China | 22F-38F, HSBC Bldg, Shanghai ifc, 8 Century Avenue, Pudong, Shanghai China 200120 | Operating Account |
| HSBC Bank (China) | 7056 | GT Solar China | 22F-38F, HSBC Bldg, Shanghai IFC, 8 Century Avenue, Pudong, Shanghai China 200120 | Operating Account |
| Shanghai Pudong Development Bank | 1721 | GT Solar China | 18 Jiafeng Road, Waigaoqiao Free Trade Zone, Shanghai China 200131 | Operating Account |
| ICBC Bank | 5723 | GT Sapphire Technology (Guiyang) Co, Ltd | Qinzhen, China | Operating Account |

1

| BANK | LAST FOUR DIGITS OF ACCOUNT | ACCOUNT HELD BY | ADDRESS | TYPE OF ACCOUNT |
|---|---|---|---|---|
| Bank of China | 5567 | GT Solar Shanghai | 61F, 1266 Nanjing Road (W), Shanghai China 200040 | Operating Account |
| Shanghai Bank | 6076 | GT Solar Shanghai | Room 524, 6 JiLong Rd., Waigaoqiao Free Trade Zone, Shanghai China 200131 | Account for tax payments (required under local law) |
| Shanghai Pudong Development Bank | 2271 | GT Solar Shanghai | 18 Jiafeng Road, Waigaoqiao Free Trade Zone, Shanghai China 200131 | Operating Account |