# EXHIBIT A

**PROPOSED ORDER SEALING UNREDACTED VERSIONS OF SUPPLEMENTAL FIRST DAY DECLARATION, MOTION TO REJECT, WIND DOWN MOTION, AND MOTION TO EXPEDITE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------x
::
*In re:* : Chapter 11
:
GT ADVANCED TECHNOLOGIES INC., *et al.*,: Case No. 14-11916-HJB
:
Debtors.[1] :
:
: Joint Administration Requested
:
------------------------------------------------------------x RE: Docket Nos. __

**ORDER, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 107(b) AND BANKRUPTCY RULE 9018, AUTHORIZING FILING UNDER SEAL OF UNREDACTED VERSIONS OF SUPPLEMENTAL FIRST DAY DECLARATION, MOTION TO REJECT, WIND DOWN MOTION, AND MOTION TO EXPEDITE**

Upon the motion (the "Motion")[2] of GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession (collectively, "GTAT" or the "Debtors") for (a) entry of an order, pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing GTAT to file under seal unredacted versions of the Supplemental First Day Declaration, the Motion to Reject, the Wind Down Motion, and the Motion to Expedite or (b) in the alternative, and to the extent that the Court determines that the materials in the Supplemental First Day Declaration, the Motion to Reject, the Wind Down Motion, and the Motion to Expedite are not subject to confidentiality obligation or entitled to the protections of section 107(b) of the Bankruptcy Code, entry of an order, pursuant to sections 105(a) and 107(a) of the Bankruptcy

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Advanced Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Code, directing GTAT to file the unredacted versions thereof on the Court's docket, as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Supplemental First Day Declaration; and it appearing that the relief requested is in the best interests of GTAT's estates, its creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  Pursuant to Bankruptcy Code section 107(b)(1) and Bankruptcy Rule 9018, GTAT is authorized and directed to file the unredacted versions of the Supplemental First Day Declaration, the Motion to Reject, the Wind Down Motion, and the Motion to Expedite under seal, which shall remain under seal, confidential, and not made available to anyone, except for (i) the Court, (ii) the Office of the United States Trustee, and (iii) counsel to any official committee of unsecured creditors.

3.  The requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law is waived.

4.  GTAT is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

     5.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2014
      Manchester, NH

                                                         HONORABLE HENRY J. BOROFF
                                                         UNITED STATES BANKRUPTCY JUDGE