UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| *In re:* | ) |
| | ) Chapter 11 |
| GT Advanced Technologies, Inc., *et al*. | ) |
| | ) Bankruptcy Case No. 14-11916-HJB |
| Debtors | ) |

**OBJECTION TO DEBTORS' EMERGENCY MOTION,
PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND 363(b),
FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO WIND DOWN
OPERATIONS AT SAPPHIRE MANUFACTURING FACILITIES AND (II)
APPROVING WIND DOWN EMPLOYEE INCENTIVE PLAN IN CONNECTION
WITH WIND DOWN OF SUCH OPERATIONS**

NOW COMES the unsecured creditor, PC Connection Sales Corp. ("PC Connection"), by and through its attorneys, Devine, Millimet & Branch, Professional Association, and objects to the Debtors' Emergency Motion, Pursuant to Bankruptcy Code Sections 105(a) and 363(b) for Entry of an Order (I) Authorizing Debtors to Wind Down Operations at Sapphire Manufacturing Facilities and (II) Approving Wind Down Employee Incentive Plan in Connection with Wind Down of Such Operations (the "Emergency Motion to Wind Down"). In support of its Objection, PC Connection states as follows:

1.  The Debtors' Emergency Motion to Wind Down, coupled with the Debtors' simultaneously-filed Emergency Motion Pursuant To Bankruptcy Code Sections 105(a) And 365(a) For Entry Of An Order Authorizing Debtors To Reject Certain Executory Contracts And Unexpired Leases *Nunc Pro Tunc* To Petition Date (the "Emergency Motion to Reject"), seek immediate discontinuance of what appears to be the most substantial portion of the Debtors' operations, which will apparently result in the immediate loss of nearly 900 jobs in New Hampshire and Arizona. To support this discontinuance of operations, the Debtors ask that all

creditors and other parties-in-interest accept at face value the representation that these operations "burn" cash at the rate of $1,000,000 per day (although Debtors' counsel stated in Court on October 9, 2014 that the Debtors project a net operating loss of $152,000,000 for all of 2014, which at least on the on the surface is not consistent with this burn rate) as well as the representation that discontinuance of these operations is the only way to address this very serious problem. Plainly, there must be extensive financial records and other documents and information relevant to consideration of the Debtors' Emergency Motions, but all such records and information have either been filed under seal or otherwise remain to be disclosed.

2. In addition, no Creditors Committee has yet been formed, and there has been no opportunity to obtain, much less to evaluate, the relevant information.

3. PC Connection hereby incorporates by reference as if fully stated herein, all of the arguments made in its Objection to the Emergency Motion to Reject, and respectfully submits that it would be prudent to proceed more cautiously and at least somewhat more slowly than urged by the Debtors, so that all other parties-in-interest have a full and fair opportunity to evaluate the facts and, then, to be heard.

WHEREFORE, the unsecured creditor PC Connection respectfully requests that:

A. The Motion be denied, without prejudice to renewing the same after a Creditors Committee has been formed and after an appropriate amount of time has been allowed for the Committee and other parties-in-interest, and their respective professional advisors, to obtain and evaluate the relevant documents and information; and,

B.  Such other and further relief as the Court deems just and equitable be granted.

Respectfully submitted,

PC CONNECTION SALES CORP.

By its attorneys,

Devine, Millimet & Branch
Professional Association

Dated: October 10, 2014     By:   /s/ Steven E. Grill
Steven E. Grill, Esq., #03220
Devine, Millimet & Branch, P.A.
111 Amherst Street
Manchester, NH 03101
603-669-1000
sgrill@devinemillimet.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be sent this day to all counsel of record, and all others who have properly filed a notice of appearance and request for documents, via the Court's Electronic Case Filing system.

/s/ Steven E. Grill
Steven E. Grill, Esquire