UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>GT Advanced Technologies, Inc., et al,<br><br>Debtors[1] | Chapter 11<br><br>Case No. 14-11916-HJB<br>Jointly Administered<br><br>Hearing: <u>10/15/14 at 2:00 p.m.</u> |

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(a) AND 365(b), FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
*NUNC PRO TUNC* **TO PETITION DATE**

To the Honorable Henry J. Boroff, United States Bankruptcy Judge:

Pursuant to 28 U.S.C. § 586, 11 U.S.C. § 365 and Fed. R. Bankr. Proc. 6003, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this Response to the *Debtors' Emergency Motion, Pursuant to Sections 105(a) and 365(a), for Entry of Order Authorizing Debtors to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to Petition Date* ("**Motion to Reject Certain Apple Contracts and Leases**") as follows:

### I. PROCEDURAL STATUS

1.  On October 6, 2014 ("**Petition Date**"), GT Advanced Technologies Inc., GTAT Corporation, GT Advanced Equipment Holding LLC, GT Equipment Holdings, Inc., Lindbergh Acquisition Corp., GT Sapphire Systems Holding LLC, GT Advanced Cz LLC, GT Sapphire Systems Group LLC, and GT Advanced Technologies Limited (collectively, "**Debtors**") filed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).

skeletal voluntary chapter 11 petitions with the Court. The Debtors' cases have not been substantively consolidated, but are being jointly administered by the Court. *See* Court Order dated October 7, 2014; Docket No. 47.

2. On Friday, October 10, 2014, the Debtors filed an *Emergency Motion, Pursuant to Sections 105(a) and 365(a), for Entry of Order Authorizing Debtors to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to Petition Date*. *See* Court Docket No. 96. Annexed to the Motion was a Schedule listing thirteen (13) separate "rejected agreements:"

**SCHEDULE 1 TO ORDER**

**REJECTED AGREEMENTS**[1]

| Name and Address of Counterparty | Description of Agreement |
|---|---|
| APPLE INC. 1 INFINITE LOOP CUPERTINO, CA 95014 ATTN: JESSICA L. FINK, SENIOR RESTRUCTURING COUNSEL ATTN: DUCO PASMOOIJ, VICE PRESIDENT, OPERATIONS | MASTER DEVELOPMENT AND SUPPLY AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, #C56-13-02947, DATED OCTOBER 31, 2013 |
| | STATEMENT OF WORK #1 TO THE MASTER DEVELOPMENT AND SUPPLY AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, #C56-13-02947, DATED OCTOBER 31, 2013 |
| | PREPAYMENT AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, #C56-13-03457, DATED OCTOBER 31, 2013 |
| | MEMBERSHIP INTEREST PLEDGE AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, #C56-13-03451, DATED OCTOBER 31, 2013 |
| | MASTER EQUIPMENT PURCHASE AGREEMENT BETWEEN APPLE INC., GTAT CORPORATION, AND GT ADVANCED TECHNOLOGIES LIMITED, #C56-13-02494, DATED OCTOBER 31, 2013 |
| | EQUIPMENT LEASE BETWEEN APPLE INC. AND GT ADVANCED EQUIPMENT HOLDING LLC, #C56-13-03455, DATED OCTOBER 31, 2013 |
| | INTELLECTUAL PROPERTY AGREEMENT BETWEEN APPLE INC., GTAT CORPORATION, GT ADVANCED TECHNOLOGIES LIMITED, GT SAPPHIRE SYSTEMS HOLDING LLC, GT SAPPHIRE SYSTEMS GROUP LLC, #C56-13-03388, DATED OCTOBER 31, 2013 |
| | CONDITIONAL ASSIGNMENT BY GTAT CORPORATION IN FAVOR OF APPLE INC., #C56-13-03456, DATED OCTOBER 31, 2013 |
| | SECURITY AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, #C56-13-03453, DATED OCTOBER 31, 2013 |
| | SECURED GUARANTY BETWEEN GT ADVANCED EQUIPMENT HOLDING LLC FOR THE BENEFIT OF GTAT CORPORATION AND IN FAVOR OF APPLE INC., #C56-13-03450, DATED OCTOBER 31, 2013 |
| | CONFIDENTIALITY AGREEMENT (MUTUAL), BETWEEN APPLE INC. AND GTAT CORPORATION, DATED AUGUST 24, 2012 |
| | APPLE RESTRICTED PROJECT AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, DATED OCTOBER 31, 2013 |
| | APPLE RESTRICTED INFORMATION AGREEMENT BETWEEN APPLE INC. AND GTAT CORPORATION, DATED OCTOBER 31, 2013 |

3. On information and belief, the Debtors have publicly disclosed a total of seven (7) selected pages of thirteen (13) contracts or leases proposed to be rejected.[2]

4. The Court has scheduled the motion to reject certain Apple leases and contracts for hearing on Wednesday, October 15, 2014, with a deadline for objections of Tuesday, October 14, 2014 at 2:00 p.m. *See* Court Docket No. 86.

5. The Debtors have not yet filed the balance of their bankruptcy schedules or statement of financial affairs. Upon motion of the Debtors, the Court extended the deadline by which the Debtors must submit schedules and other required documents to November 20, 2014. *See* Court Docket No. 78.

6. Also before the Court on October 15, 2014 is the *Debtors' Emergency Motion for (A) Entry of Order, Pursuant to Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, Authorizing Filing Under Seal of Unredacted Versions of Supplemental First Day Declaration, Motion to Reject, Wind Down Motion, Motion to Expedite or (B) Alternatively, Entry of Order, Pursuant to Bankruptcy Code Sections 105(a) and 107(a) Directing Debtors to File Unredacted Versions Thereof.* *See* Court Docket No. 92. The United States Trustee has filed a Response to this motion asserting that the Supplemental Declaration of the Debtors' Chief Operating Officer, Daniel W. Squiller, in support of the First Day Motions, must be made public. *See* Court Docket No. 111.

7. The United States Trustee has scheduled an organizational meeting for purposes of forming an Official Committee of Unsecured Creditors, for Tuesday, October 14, 2014. Given the level of interest to date, the United States Trustee expects to form a Committee

---

[2] The selected pages are found as Exhibits to Debtors' Motion Authorizing of Filing Under Seal of Unredacted Versions of First Day Declaration, Court Docket No. 92.

imminently, and anticipates that the Committee would take a position with respect to the Motion to Reject Certain Apple Leases and Contracts.

## II. ARGUMENT

A. **THE DEBTORS HAVE NOT MET THEIR BURDEN OF SHOWING THAT THE APPLE LEASES AND CONTRACTS SHOULD BE REJECTED AND HAVE FAILED TO DEMONSTRATE EITHER A FACTUAL OR LEGAL BASIS FOR THE COURT TO GRANT THE RELIEF REQUESTED AT THIS TIME.  THE COURT SHOULD THEREFORE DEFER RULING ON THE MOTION UNTIL i) THE SUPPLEMENTAL DECLARATION OF DANIEL W. SQUILLER, DEBTORS' CHIEF  OPERATING OFFICER, IS UNSEALED AND ii) AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS IN PLACE WITH RETAINED COUNSEL.**

8. Because the record is devoid of any information with which the Court must have before finding that the rejection of the Apple leases and contracts is in the best interests of the estate, it should be denied.  It is not clear whether the contracts sought to be rejected are in fact executory contracts.   It is not clear which state or nonbankruptcy federal law is applicable in determining whether the leases or contacts should be permitted to be rejected.   It is not clear from the motion filed as between the Debtors and Apple, who is the licensee and who is the licensor.

9. The Debtors have the burden of proof and must show that the rejection of the Apple leases and executory contracts is in the best interests of the estate.   It is impossible to meet that burden, however, when the Debtors have not filed the complete leases and contracts with the Court, and have obtained an Order sealing the Declaration of Daniel W. Squiller, Chief Operating Officer in support of the Debtors' First Day Motions.

10. It is extraordinary for the Debtors to ask this Court to find that the rejection of these leases and contracts is in the interests of the estate at this time, before the complete leases

4

or contracts are made available, before the Debtors have demonstrated the financial harm to be suffered by the estate should the leases and contracts not be rejected, before full Schedules and Statement of Financial Affairs are filed, before the § 341 meeting has taken place, and before the United States Trustee has had an opportunity to appoint an Official Creditors' Committee. The Debtors have simply stated that the thirteen leases and contracts with Apple must be rejected, and the Sapphire Manufacturing Facilities in Mesa, Arizona and Salem, Massachusetts wound down, "to avoid immediate and irreparable harm to GTAT's business operations and the value of GTAT's estates." *See* Fed. R. Bankr. P. 6003.

11. The Debtors have placed nothing in the record for the Court to find, as it is required to find, that the Apple leases and contracts must be rejected at this time, "to avoid immediate and irreparable harm to GTAT's business operations and the value of GTAT's estate."

12. Before ruling on the motion, the Court should have the benefit of the Committee's position, and while a Committee is expected to be appointed in short order, the Committee will not have sufficient time to evaluate the motion prior to the scheduled hearing date.

13. The United States Trustee therefore respectfully requests that the Court defer entry of a final ruling on the motion to reject certain Apple leases and contracts until a) the Debtors have filed the complete contracts or leases proposed to be rejected; (b) the Court has ruled on the request to unseal the Supplemental Declaration of Daniel W. Squiller, Chief Operating Officer, and c) a Committee is in place with counsel.

\* \* \*

WHEREFORE, the United States Trustee respectfully requests that the Court defer ruling

on the Debtors' Motion to Reject Certain Apple Leases and Contracts until a) the Debtors have filed the contracts or leases proposed to be rejected; (b) the Court has ruled on the request to unseal the Supplemental Declaration of Daniel W. Squiller, Chief Operating Officer, and c) a Committee is in place with counsel, and for such further relief as may be just.

          Respectfully submitted,

          WILLIAM K. HARRINGTON,
          UNITED STATES TRUSTEE


By:   /s/ Geraldine Karonis
       Geraldine Karonis BNH #01853
       Assistant United States Trustee
       Ann Marie Dirsa BNH# 06121
       Trial Attorney
       Office of the United States Trustee
       1000 Elm Street, Suite 605
       Manchester, NH 03101
       (603) 666-7908

Dated: October 13, 2014


**CERTIFICATE OF SERVICE**

    I hereby certify that on this date a copy of the foregoing was forwarded to all parties on the attached list via CM/ECF unless as otherwise indicated:

Christopher J. Allwarden on behalf of Creditor Public Service Company of New Hampshire
nhlegal@nu.com

Holly Barcroft on behalf of Debtors
hbarcroft@nixonpeabody.com,
dsklar@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;cbuonopane@nixonpeabody.com;bcollier@nixonpeabody.com;cgrijalva@nixonpeabody.com;ccarlin@nixonpeabody.com

Edmond J. Ford on behalf of Creditor Midland Precision Machining, Inc.
eford@fordlaw.com

William S. Gannon on behalf of Creditor Turner Tooling Co., Inc.
bgannon@gannonlawfirm.com,
jarquette@gannonlawfirm.com;mjoyce@gannonlawfirm.com;bvenuti@gannonlawfirm.com

6

Steven E. Grill on behalf of Creditor PC Connection Sales Corp.
sgrill@devinemillimet.com, dmutz@devinemillimet.com

Honor S. Heath on behalf of Creditor Public Service Company of New Hampshire
heathhs@nu.com

Gregory A. Moffett on behalf of Creditor Apple, Inc.
gmoffett@preti.com, sbarrington@preti.com

Jennifer Rood on behalf of Creditor Sumitomo (SHI) Cryogenics of America Inc and Creditor Sumitomo Cryogenics of America, Inc.
jrood@bernsteinshur.com, mamurphy@bernsteinshur.com

Peter C.L. Roth on behalf of Interested Party State of New Hampshire
peter.roth@doj.nh.gov, laura.maynard@doj.nh.gov

Daniel W. Sklar on behalf of Debtors
dsklar@nixonpeabody.com,
hkilibarda@nixonpeabody.com;cbuonopane@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;ccarlin@nixonpeabody.com

John M. Sullivan on behalf of Creditor Apple, Inc.
nhbankruptcyfilings@preti.com

Peter N. Tamposi on behalf of Creditor Green Leaf Construction, LLC
peter@thetamposilawgroup.com, kdesisto@thetamposilawgroup.com

                                  /s/ Geraldine Karonis
                                  Geraldine Karonis

Dated: October 13, 2014