UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>GT Advanced Technologies, Inc., et al,<br><br>Debtors[1] | Chapter 11<br><br>Case No. 14-11916-HJB<br>Jointly Administered<br><br>Hearing: <u>10/15/14 at 2:00 p.m.</u> |

**UNITED STATES TRUSTEE'S RESPONSE TO DEBTORS' EMERGENCY MOTION, PURSUANT TO SECTIONS 105(a) AND 363(b), FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO WIND DOWN OPERATIONS AT SAPPHIRE MANUFACTURING FACILITIES AND (II) APPROVING WIND DOWN EMPLOYEE INCENTIVE PLAN IN CONNECTION WITH WIND DOWN OF SUCH OPERATIONS**

To the Honorable Henry J. Boroff, United States Bankruptcy Judge:

Pursuant to 28 U.S.C. § 586, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), submits this Response to the *Debtors' Emergency Motion, Pursuant to Sections 105(a) and 363(b), for Entry of Order (i) Authorizing Debtors to Wind Down Operations at Sapphire Manufacturing Facilities and (ii) Approving Wind Down Employee Incentive Plan in Connection with Wind Down of Such Operations* ("**Motion to Wind Down**") as follows:

### I. PROCEDURAL STATUS

1.  On October 6, 2014 ("**Petition Date**"), GT Advanced Technologies Inc., GTAT Corporation, GT Advanced Equipment Holding LLC, GT Equipment Holdings,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).

Inc., Lindbergh Acquisition Corp., GT Sapphire Systems Holding LLC, GT Advanced Cz LLC, GT Sapphire Systems Group LLC, and GT Advanced Technologies Limited (collectively, "**Debtors**") filed skeletal voluntary chapter 11 petitions with the Court. The Debtors' cases have not been substantively consolidated, but are being jointly administered by the Court. *See* Court Order dated October 7, 2014; Docket No. 47.

2. No bankruptcy schedules have yet been filed. Upon the Debtors' motion, the Court extended the deadline by which the Debtors must submit schedules and other required documents to November 20, 2014. *See* Court Docket No. 78.

3. On Friday, October 10, 2014, the Debtors filed an *Emergency Motion to Wind Down Operations at Sapphire Manufacturing Facilities and Approving Wind Down Employee Incentive Plan In Connection with Wind Down of Such Operations.* *See* Court Docket No. 97. The Court has scheduled the Motion for hearing on Wednesday, October 15, 2014, with a deadline for objections of Tuesday, October 14, 2014 at 2:00 p.m. *See* Court Docket No. 86.

4. Also before the Court on October 15, 2014 is the *Debtors' Emergency Motion for (A) Entry of Order, Pursuant to Bankruptcy Code Section 107(b) and Bankruptcy Rule 9018, Authorizing Filing Under Seal of Unredacted Versions of Supplemental First Day Declaration, Motion to Reject, Wind Down Motion, Motion to Expedite or (B) Alternatively, Entry of Order, Pursuant to Bankruptcy Code Sections 105(a) and 107(a) Directing Debtors to File Unredacted Versions Thereof.* *See* Court Docket No. 92. The United States Trustee has filed a Response to said motion asserting that the Supplemental Declaration of Debtors' Chief Operating Officer, Daniel W. Squiller, must be made public. *See* Court Docket No. 111.

5.      The United States Trustee has scheduled an organizational meeting for purposes of forming an Official Committee of Unsecured Creditors for Tuesday, October 14, 2014.  Given the level of interest to date, the United States Trustee expects to form a Committee.   The Court should have the benefit of the Committee's position with respect to the Motion to Wind Down before ruling on same.

## II. ARGUMENT

**A.  THE DEBTORS HAVE NOT MET THEIR BURDEN OF SHOWING THAT THE SAPPHIRE MANUFACTURING FACILITIES SHOULD BE WOUND DOWN AND THE COURT SHOULD DEFER RULING ON THE MOTION UNTIL i) THE SUPPLEMENTAL DECLARATION OF  DANIEL W. SQUILLER, DEBTORS' CHIEF OPERATING OFFICER, IS UNSEALED AND ii) AN OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS IN  PLACE WITH COUNSEL.**

6.      Because the record is devoid of any information with which the Court must have before finding that the Debtors should be permitted to wind down their Sapphire Manufacturing Facilities at this time, it should be denied.

7.      The Debtors have the burden of proof and must show that the winding down of the Sapphire Manufacturing Facilities is in the best interests of the estate.   It is impossible to meet that burden, however, when the Debtors have obtained an Order sealing the Declaration of Daniel W. Squiller, Chief Operating Officer in support of the Debtors' First Day Motions, and have put forth no financial information to support the proposed action.

8.      It is extraordinary for the Debtors to ask this Court to find that the Sapphire Manufacturing Facilities should be wound down at this time, before full Schedules and Statement of Financial Affairs are filed, before the § 341 meeting has

taken place, and before the United States Trustee has had an opportunity to appoint an Official Creditors' Committee and while critical financial information concerning Apple has been placed under seal. The Debtors have simply stated that the Facilities must be wound down, and the thirteen leases and contracts with Apple must be rejected, "to avoid immediate and irreparable harm to GTAT's business operations and the value of GTAT's estates." *See* Fed. R. Bankr. P. 6003.

9. The Debtors have placed nothing in the record for the Court to find, as it is required to find, that the Sapphire Manufacturing Facilities must be wound down at this time, and the Apple leases and contracts rejected, "to avoid immediate and irreparable harm to GTAT's business operations and the value of GTAT's estate."

10. Before ruling on the motion, the Court should have the benefit of the Committee's position, and while a Committee is expected to be appointed in short order, the Committee will not have sufficient time to evaluate the motion prior to the scheduled hearing date.

11. The United States Trustee therefore respectfully requests that the Court defer entry of a final ruling on the Motion to Wind Down until a) the Court has ruled on the request to unseal the Supplemental Declaration of Daniel Squiller, Debtors' Chief Operating Officer, and b) a Committee is in place with counsel.

12. The United States Trustee also respectfully requests that the Debtors be required to provide the names and compensation levels of the employees who will participate in the Employee Incentive Plan, and that the Order approving the Motion to Wind Down make clear that no insider is permitted to participate in any incentive Plan associated with the Motion.

WHEREFORE, the United States Trustee respectfully requests that the Court defer ruling on the Debtors' Motion to Wind Down until a) the Court has ruled on the request to unseal the Supplemental Declaration of Daniel Squiller, Debtors' Chief Operating Officer, b) a Committee is in place with counsel, and further, that the Debtors disclose the employees and compensation levels who will participate in the Employee Incentive Plan and that any Order approving the motion make clear that no insider shall be permitted to participate in the incentive Plan, and for such further relief as may be just.

    Respectfully submitted,

    WILLIAM K. HARRINGTON,
    UNITED STATES TRUSTEE

By:    /s/ Geraldine Karonis
    Geraldine Karonis BNH #01853
    Assistant United States Trustee
    Ann Marie Dirsa BNH# 06121
    Trial Attorney
    Office of the United States Trustee
    1000 Elm Street, Suite 605
    Manchester, NH 03101
    (603) 666-7908

Dated: October 13, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was forwarded to all parties on the attached list via CM/ECF unless as otherwise indicated:

Christopher J. Allwarden on behalf of Creditor Public Service Company of New Hampshire
nhlegal@nu.com

Holly Barcroft on behalf of Debtors
hbarcroft@nixonpeabody.com,
dsklar@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;cbuonopane@nixonpeabody.com;bcollier@nixonpeabody.com;cgrijalva@nixonpeabody.com;ccarlin@nixonpeabody.com

5

Edmond J. Ford on behalf of Creditor Midland Precision Machining, Inc.
eford@fordlaw.com

William S. Gannon on behalf of Creditor Turner Tooling Co., Inc.
bgannon@gannonlawfirm.com,
jarquette@gannonlawfirm.com;mjoyce@gannonlawfirm.com;bvenuti@gannonlawfirm.com

Steven E. Grill on behalf of Creditor PC Connection Sales Corp.
sgrill@devinemillimet.com, dmutz@devinemillimet.com

Honor S. Heath on behalf of Creditor Public Service Company of New Hampshire
heathhs@nu.com

Gregory A. Moffett on behalf of Creditor Apple, Inc.
gmoffett@preti.com, sbarrington@preti.com

Jennifer Rood on behalf of Creditor Sumitomo (SHI) Cryogenics of America Inc and Creditor Sumitomo Cryogenics of America, Inc.
jrood@bernsteinshur.com, mamurphy@bernsteinshur.com

Peter C.L. Roth on behalf of Interested Party State of New Hampshire
peter.roth@doj.nh.gov, laura.maynard@doj.nh.gov

Daniel W. Sklar on behalf of Debtors
dsklar@nixonpeabody.com,
hkilibarda@nixonpeabody.com;cbuonopane@nixonpeabody.com;man.managing.clerk@nixonpeabody.com;ccarlin@nixonpeabody.com

John M. Sullivan on behalf of Creditor Apple, Inc.
nhbankruptcyfilings@preti.com

Peter N. Tamposi on behalf of Creditor Green Leaf Construction, LLC
peter@thetamposilawgroup.com, kdesisto@thetamposilawgroup.com

                                        /s/ Geraldine Karonis
                                        Geraldine Karonis

Dated: October 13, 2014