UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| GT Advanced Technologies, Inc., *et al.*[1] | |
| | Case No. 14-11916-HJB |
| Debtors | |
| | Jointly Administered |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### APPLE, INC.'S EX PARTE MOTION FOR ORDER AUTHORIZING FILING UNDER SEAL OBJECTION TO DEBTORS' MOTION TO REJECT

Apple, Inc. ("Apple") , by and through its attorneys Preti, Flaherty, Beliveau & Pachios, PLLP, pursuant to section 107(b) of Title 11 of the U.S. Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits this Motion (the "Motion") for Order Authorizing Filing Under Seal of its Objection to the Debtors' Motion to Reject (the "Rejection Motion"), and for entry of an order authorizing Apple to file under seal its Objection to the Debtors' Rejection Motion.  In support of the Motion, Apple states:

1.      On October 6, 2014, GT Advanced Technologies, Inc. and its affiliated entities (the "Debtors" or "GTAT") filed petition for relief under chapter 11 of the Bankruptcy Code. GTAT continues to operate its business and manage its properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  No request for the appointment of a trustee has been made in the chapter 11 cases.  On October 8, 2014, the Court ordered the joint administration of the Debtors' cases.

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies, Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

7405770.1

2.      Prepetition, the Debtors and Apple entered into a series of confidentiality agreements with respect to business processes and contractual relationships between the entities. In this proceeding, the Debtor has filed several of its motions under seal in order to maintain that confidentiality and avoid breaching those agreements, including the Rejection Motion, to which Apple seeks to file an objection.

3.      Section 107(b) of the Bankruptcy Code provides several exceptions to the public's right of access to all bankruptcy proceedings. That section provides: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C. § 107(b);[2] *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 7 (1st Cir. 2005); *see also In re Blake*¸ 452 B.R. 1 (Bankr. D. Mass. 2011). If a paper filed in a bankruptcy court fits within the enumerated exceptions in section 107(b), "protection is mandatory when requested by a party in interest." *Gitto*, 422 F.3d at 7.

4.      Here, Apple seeks to file under seal the Objection in order to protect the confidential commercial information contained therein and to comply with the terms of its confidentiality agreements with GTAT. The Court previously granted the Debtors' motion to file under seal, as well as to conduct the hearing on that motion *in camera*. *See* Debtors' Motion to Seal under Seal, Doc. No. 55. The bases for the Objection involve confidential research, development, or commercial information regarding Apple's business processes.

---

[2] The procedure for implementing section 107(b) is found in Rule 9018 of the Federal Rules of Bankruptcy Procedure, which provides that the court may "make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

7405770.1

5. The legal authorities upon which Apple relies are set forth above and, accordingly, Apple hereby states as required by LBR 7102(b)(2) that no memorandum of law is required in connection with this Motion.

WHEREFORE, Apple, Inc. respectfully requests that this Court enter an order substantially in the form attached hereto, authorizing Apple to file under seal its Objection, pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 9018; and that it have such other and further relief as may be just and proper.

Respectfully submitted,

Date:   October 14, 2014

By: /s/ John M. Sullivan
John M. Sullivan (BNH #01456)
PRETI FLAHERTY BELIVEAU
 & PACHIOS PLLP
57 North Main Street
P.O. Box 1318
Concord, NH 03302-1318
Tel.:  603-410-1500
jsullivan@preti.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2014, a copy of the *Motion for Order Authorizing Filing Under Seal its Objection to the Debtors' Motion to Reject* was sent to the U.S. Trustee, counsel to the Debtors, and all other parties listed on the Court's CM/ECF register, and that copies of the Objection were provided to the Debtors' counsel and the U.S. Trustee.

By: /s/ John M. Sullivan
John M. Sullivan (BNH # 01456)

7405770.1