UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>GT ADVANCED TECHNOLOGIES INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br>Case No. 14-11916-HJB<br>Jointly Administered<br>Hearing Date:  October 21, 2014 at 10:00 a.m.<br>Objection Date:  October 20, 2014[2] |

**OMNIBUS RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO CERTAIN OF THE DEBTORS' FIRST-DAY MOTIONS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through their proposed undersigned counsel, hereby files this omnibus response (the "Response") to certain first-day motions filed by the Debtors, as detailed below.  In support of this Response, the Committee respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      Since its formation less than a week ago on October 14, 2014, the Committee has worked tirelessly to guaranty the free flow of information among the Debtors, Apple Inc., and the Committee.  In this short period, the Committee has made great strides in ensuring the requisite transparency needed in these cases, and providing for the Committee's access to critical information that will allow the Committee to fulfill its fiduciary obligations to its constituency and maximize value for unsecured creditors.

---

[1]     The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2]     As extended by Debtors' counsel.

2. Notwithstanding a near-virtual freeze on the flow of information at the Committee's appointment due to substantial confidentiality concerns, the Committee recently negotiated a comprehensive confidentiality agreement with the major stakeholders that will provide the Committee with full access to all necessary information. The Committee has also endeavored to foster a collaborative go-forward process with the Debtors to, among other things, address the relief requested in the Debtors' First-Day Motions, including the Wind Down Motion and Apple Rejection Motion (each as defined below), that are scheduled to be heard on October 21, 2014 (the "Hearing"). In connection with the First-Day Motions, the Committee has requested consultation rights, advance notice of decisions, and appropriate reporting from the Debtors to ensure that the Committee is actively involved in Debtors' decisions and to allow the Committee to assess their impact on the estates.

3. The Committee is pleased to report that the parties have made significant progress in negotiating appropriate revisions to the respective proposed orders and are hopeful that all issues will be resolved prior to the Hearing. To the extent, however, that the parties are unable to resolve the remaining issues, the Committee reserves its right to object to any of the First-Day Motions at the Hearing.

## BACKGROUND

4. On October 6, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of New Hampshire (the "Court"). Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors and debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in these cases.

*The First Day Motions*

5. On the Petition Date, the Debtors filed, among other things, the following motions: (i) a motion to approve the Debtors' cash management system (the "Cash Management Motion"); (ii) a motion to approve payments to critical vendors (the "Critical Vendor Motion"); (iii) a motion to approve payments to shippers and warehousemen (the "Shipping Charges Motion"); (iv) a motion to approve certain customer programs (the "Customer Programs Motion"); (v) a motion to approve procedures for the assumption, assignment, and rejection of contracts and leases (the "Contract and Lease Procedures Motion"); (vi) a motion to reject three commercial real property leases (the "Lease Rejection Motion"); (vii) a motion to establish a claims bar date (the "Bar Date Motion"); (viii) a motion to retain Kurtzman Carson Consultants LLC as Debtors' claims and noticing agent (the "KCC Retention Application"); and (ix) a motion to approve professional interim compensation procedures (the "Interim Compensation Procedures Motion").

6. On October 10, 2014, the Debtors filed, among other things, the following motions: (i) a motion to reject certain executory contracts with Apple (the "Apple Rejection Motion"); and (ii) a motion to wind down the Debtors' sapphire manufacturing facilities, which includes an employee incentive plan (the "Wind Down Motion"). The pleadings identified in paragraphs 5 and 6 above are collectively referred to herein as the "First-Day Motions."[3]

*Appointment of the Committee*

7. On October 14, 2014, the United States Trustee appointed the following entities to the Committee: (i) Manz, AG; (ii) U.S. Bank, National Association, as Indenture

---

[3] Cash Management Motion (Dkt. No. 4); Critical Vendor Motion (Dkt. No. 6); Shipping Charges Motion (Dkt. No. 7); Customer Program Motion (Dkt. No. 12); Contract and Lease Rejection Motion (Dkt. No. 21); Lease Rejection Motion (Dkt. No. 22); Bar Date Motion (Dkt. No. 30); KCC Retention Application (Dkt. No. 26); Interim Compensation Procedures Motion (Dkt. No. 25); Apple Rejection Motion (Dkt. No. 96); and Wind Down Motion (Dkt. No. 97, as supplied by Dkt. No. 189).

Trustee; (iii) Fidelity Financial Trust: Fidelity Convertibles Securities Investment Fund; (iv) Elmet Technologies, Inc.; (v) Meyer Burger AG; (vi) SGL Carbon LLC; and (vii) Sanmina Corporation.[4]  Later that day, the Committee selected Kelley Drye & Warren LLP as its lead bankruptcy counsel, Devine, Millimet & Branch, P.A. as its local counsel, and Houlihan Lokey as its investment banker.  The Committee is currently in the process of preparing applications to retain Kelley Drye, Devine Millimet and Houlihan Lokey.

## RESPONSE

8.   Since its appointment, the Committee has worked diligently to consensually resolve its concerns with the First-Day Motions through negotiations with the Debtors.  The parties have made significant progress.  Generally, the Committee seeks to increase transparency with respect to the relief sought in the First-Day Motions through consultation rights and periodic reporting provided by the Debtors and their advisors.  The Committee has also raised some specific concerns to certain of the First-Day Motions that have not yet been fully resolved, summarized as follows:

(a) <u>Contract and Lease Procedures Motion</u>:  The Committee requests that the Debtors, in the absence of exigent circumstances, consult with and provide reasonable prior notice of all proposed contract and lease assumptions, assignments, and rejections to enable the Committee to properly analyze whether the Debtors' intended course of action is in the best interests of these estates.  The Committee seeks to avoid being in a position of having to respond to potentially numerous notices for the assumption or rejection of contracts and leases within a short time frame.

(b) <u>Lease Rejection Motion</u>:  To ensure that the subject leases do not have any material assignment value, the Committee is reviewing information recently supplied by the Debtors regarding marketing efforts, rent, and general market conditions.  The Committee will not oppose the requested relief provided such information substantiates the Debtors' statement in the motion that the leases have little or no value.

---

[4]   Docket Entry No. 127.

4

      (c)    <u>Bar Date Motion</u>: To avoid confusion and needless effort, the Committee is working with the Debtors to ensure that the bar date notice (i) served on creditors contains an exact calendar general bar date, and (ii) is served after the Debtors' schedules are filed, with sufficient time (e.g., 60 days) for creditors to review such schedules and determine whether they agree with the claim amount listed by the Debtors or if they need to incur the time and expense of filing a proof of claim.

      (d)    <u>Cash Management Motion</u>: A final order was entered by this Court regarding the Cash Management Motion before the Committee was appointed.[5] Upon reviewing the motion and order, the Committee raised certain issues with the Debtors. Most importantly, the Committee is concerned with the Debtors' intercompany transfers to non-debtor affiliates without disclosure. The Committee requests that the Debtors provide it with detailed bi-weekly reports specifically identifying all intercompany transfers that are made. This will allow the Committee to monitor these transfers and analyze their impact on the Debtors' estates.

9. Finally, with respect to the Wind Down Motion and the Apple Rejection Motion, the Committee recognizes that the proposed relief will significantly alter the Debtors' businesses by discontinuing the sapphire production segment responsible for approximately 60% of the Debtors' revenue. The Committee is therefore working closely with the Debtors and Apple to ensure that the proposed closure is appropriate and, if it is, structured in a way that preserves value for the estates' creditors to the maximum extent possible. With respect to the employee incentive plan that is included in the Wind Down Motion, the Committee has received appropriate disclosures from the Debtors and does not object to the proposed relief.

---

[5] Docket Entry No. 64.

WHEREFORE, the Committee respectfully requests that the Court deny the relief requested in the First-Day Motions unless modified as set forth herein and grant such other and further relief as is just and proper.

Dated:  Manchester, New Hampshire
October 20, 2014

          DEVINE, MILLIMET & BRANCH, P.A.

          By:  /s/  Steven E. Grill
               Steven E. Grill
          111 Amherst Street
          Manchester, NH 03101
          Tel:  (603) 669-1000
          Fax:  (603) 669-8547

          -and-

          KELLEY DRYE & WARREN LLP

          By:  /s/  James S. Carr
               James S. Carr (admitted *pro hac vice*)
          101 Park Avenue
          New York, New York 10178
          Tel:  (212) 808-7800
          Fax:  (212) 808-7897

          Proposed Co-Counsel to the Official Committee of Unsecured Creditors of GT Advanced Technologies Inc., *et al.*