UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
                                                               :
*In re:*                                                       :  Chapter 11
                                                               :
GT ADVANCED TECHNOLOGIES INC., *et al.*,:  Case No. 14-11916-HJB
                                                               :
    Debtors.[1]                                                :  Jointly Administered
                                                               :
---------------------------------------------------------------x

### DEBTORS' *EX PARTE* EMERGENCY MOTION FOR ENTRY OF ORDER, PURSUANT TO BANKRUPTCY CODE SECTION 107(b) AND BANKRUPTCY RULE 9018, AUTHORIZING AND DIRECTING DEBTORS TO FILE UNDER SEAL DEBTORS' REPLY TO OBJECTION BY APPLE TO DEBTORS' EMERGENCY MOTION, PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND 365(a), FOR ENTRY OF ORDER AUTHORIZING DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO PETITION DATE

GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, "GTAT" or the "Debtors") hereby submit this *ex parte* emergency motion (the "Motion"), pursuant to section 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing and directing GTAT to file under seal the *Debtors' Reply to Objection By Apple to Debtors' Emergency Motion, Pursuant to Bankruptcy Code Section 105(a) and 365(a), for Entry of Order Authorizing Debtors to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to Petition Date* (the "Reply") in response to the objection (the "Objection") of Apple Inc. ("Apple") to the *Debtors'*

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

*Emergency Motion, Pursuant to Bankruptcy Code Sections 105(a) and 365(a), for Entry of Order Authorizing Debtors to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to the Petition Date* [Docket No. 92] (the "Rejection Motion"). In support of this Motion, GTAT respectfully represents:

### JURISDICTION, VENUE AND STATUTORY BASIS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

### BACKGROUND

3. On the date hereof (the "Petition Date"), GTAT commenced voluntary cases under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Hampshire (the "Court"). GTAT continues to operate its business and manage its properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

4. On October 14, 2014, the Office of the United States Trustee for the District of New Hampshire appointed an official committee of unsecured creditors (the "Creditors' Committee") in these chapter 11 cases.

5. These chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b).

6. Information regarding GTAT's business, capital structure, and the circumstances leading to these chapter 11 cases is set forth in the *Declaration of Daniel W. Squiller in Support*

*of Chapter 11 Petitions and First-Day Motions* [Docket No. 14] (the "First Day Declaration") and the *Supplemental Declaration of Daniel W. Squiller in Support of Chapter 11 Petitions and First-Day Motions* (the "Supplemental First Day Declaration"), which are incorporated herein by reference.

## RELIEF REQUESTED

7.  GTAT requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing and directing GTAT to file the Reply under seal.

## BASIS FOR THE RELIEF REQUESTED

8.  To be able to adequately respond to Apple's Objection, GTAT must discuss information that is raised in the Objection (which Apple has sought to file under seal [Docket No. 123]) and that is governed by GTAT's onerous confidentiality obligations to Apple. As GTAT previously noted, violations of its confidentiality obligations to Apple could expose GTAT to $50 million in liquidated damages **per occurrence**.[2]

9.  Section 107(a) of the Bankruptcy Code codifies the public's right of access to bankruptcy proceedings, providing that:

> [e]xcept as provided in subsection (b) of this section, a paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

11 U.S.C. § 107(a). The Bankruptcy Code also recognizes certain exceptions to the public access right under section 107(a), including that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

---

[2] A summary of GTAT's confidentiality obligations to Apple is set forth in the Sealing Motion [Docket No. 92], which summary is incorporated herein by reference.

> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).[3]

10. The purpose of the exception under section 107(b)(1) is to protect business entities from disclosure of information "that could reasonably be expected to cause . . . [them] commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). Consistent with that purpose, "commercial information" is considered to be information that would cause an "unfair advantage to competitors by providing them information as to the commercial operations." *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (citation and quotation marks omitted). For additional information concerning applicable authority to file materials under seal, GTAT refers to its previously filed Sealing Motion [Docket No. 92] and the Motion to Seal the Sealing Motion [Docket No. 55], which are incorporated herein by reference.

11. For the avoidance of doubt, GTAT does not believe that much, if any, of the information contained in the Reply is the kind of "commercial information" that Congress elected to protect under section 107(b)(1) of the Bankruptcy Code. However, in light of the risk of substantial liquidated damages, it is compelled to seek to file its Reply under seal.

## NOTICE

12. Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite 605

---

[3] Bankruptcy Rule 9018 specifies the framework for implementing relief under section 107(b) as follows:

> [o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, [or] (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, . . . .

Fed. R. Bankr. P. 9018.

Manchester, NH 03101, Attn: Geraldine L. Karonis; (b) Kelley Drye & Warren LLP, 101 Park Avenue, New York, NY 10178, Attn: James S. Carr, Esq., counsel to the Creditors' Committee; (c) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101, Attn: District and Regional Directors; (d) U.S. Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (e) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119, Attn: Gary T. Holtzer, Esq., counsel to Apple Inc.; and (f) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made by GTAT to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

14. GTAT requests that the Court waive and dispense with the requirement set forth in Rule 7102(b)(2) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Hampshire ("LBR") that any motion filed shall have an accompanying memorandum of law. The legal authorities upon which GTAT relies are set forth in the Motion. Accordingly, GTAT submits that a waiver of the LBR 7102(b)(2) requirement is appropriate under these circumstances.

*[remainder of page intentionally left blank]*

WHEREFORE, GTAT respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting GTAT such other and further relief as is just and proper.

Dated: October 20, 2014
Manchester, NH

/s/ Daniel W. Sklar
Daniel W. Sklar, Esq.
Holly J. Barcroft, Esq.
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101-2031
Telephone: (603) 628-4000
Facsimile: (603) 628-4040

- and -

Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James T. Grogan, Esq.
PAUL HASTINGS LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Proposed Co-Counsel for the Debtors and Debtors in Possession*