UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
: 
*In re:* : Chapter 11
 :
**GT ADVANCED TECHNOLOGIES INC.,** *et al.*, : Case No. 14-11916-HJB
 :
Debtors.[1] : Jointly Administered
 :
 :
---------------------------------------------------------------x

**EMERGENCY JOINT MOTION OF DEBTORS, APPLE, AND OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 107 AND BANKRUPTCY RULE 9018, FOR (A) ENTRY OF ORDER MAINTAINING SUPPLEMENTAL SQUILLER DECLARATION UNDER SEAL PENDING APPROVAL HEARING ON DEBTORS' SETTLEMENT WITH APPLE AND (B) UPON APPROVAL OF SETTLEMENT, ENTRY OF ORDER ALLOWING WITHDRAWAL OF SUPPLEMENTAL SQUILLER DECLARATION AND DIRECTING REMOVAL FROM DOCKET AND DESTRUCTION OF DECLARATION IN SATISFACTION OF SETTLEMENT CONDITION**

GT Advanced Technologies Inc. ("GT") and its affiliated debtors as debtors in possession in the above-captioned cases (collectively, "GTAT" or the "Debtors"), Apple Inc. ("Apple"), and the Official Committee of Unsecured Creditors (the "Creditors' Committee" and, together with GTAT and Apple, the "Movants") hereby submit this motion (the "Motion"), pursuant to sections 105(a) and 107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for (a) entry of an order in the form attached as Exhibit A hereto (the "Sealing Order") maintaining the Supplemental Declaration of Daniel W. Squiller in Support of Chapter 11

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

Petitions and First-Day Motions [Docket No. 110] (the "Supplemental Squiller Declaration") and Apple's objection to GTAT's motion to reject certain Apple Agreements (the "Apple Objection") under seal pending the approval hearing on GTAT's settlement with Apple and (b) upon approval of the settlement agreement between Apple and GTAT, entry of an order in the form attached as Exhibit B hereto (the "Withdrawal Order") allowing GTAT to withdraw the Supplemental Squiller Declaration and Apple to withdraw the Apple Objection, directing the Clerk of the Court to remove the declaration and the objection from the docket, and directing GTAT, Apple, the Creditors' Committee, and their respective advisors, to destroy all copies of the declaration and the objection (paper or electronic) in their possession, custody, or control and not to disclose the content thereof to any third party in satisfaction of a condition precedent to the settlement.  In support of this motion, GTAT respectfully represents:

## JURISDICTION, VENUE AND STATUTORY BASIS

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory basis for the relief requested herein is sections 105(a) and 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## PROCEDURAL BACKGROUND

3.    On October 6, 2014, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Hampshire.  The Debtors continue to operate their business as debtors in possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

**FACTUAL BACKGROUND**

4.     In accordance with this Court's *Order on Emergency Motion to Seal Under Seal and Authorize Related Hearings to be Conducted in Camera (Doc. 55) Filed by Debtor* [Docket No. 86], the Debtors filed the Supplemental Squiller Declaration (Docket No. 110) under seal. Apple submitted the Apple Objection to the Court under seal on October 14, 2014 [Docket No. 123]. GTAT has reached a global settlement with Apple that is contingent upon the withdrawal, removal from the docket, and destruction of all copies of the Supplemental Squiller Declaration.

**RELIEF REQUESTED**

5.     The Movants request that the Court enter the attached Sealing Order maintaining the Supplemental Squiller Declaration under seal pending the approval hearing on GTAT's settlement with Apple. GTAT's proposed settlement with Apple remains subject to the review and approval, or objection, of the Creditors' Committee. GTAT and Apple, and the Creditors' Committee subject to their approval of the settlement, further request that, upon approval of the settlement, the Court enter the attached Withdrawal Order allowing GTAT to withdraw the Supplemental Squiller Declaration, directing the Clerk of the Court to remove the Supplemental Squiller Declaration from the docket and destroy all copies (paper or electronic) of the declaration such that it can no longer be accessed or retrieved, and directing GTAT, Apple, the Creditors' Committee, and their respective advisors to destroy all copies (paper or electronic) of the Supplemental Squiller Declaration in their possession, custody, or control (with the exception of any electronic copies captured on archival or disaster recovery systems that are not readily accessible; *provided*, *however*, that, in the event that any such copies become reasonably accessible, such copies not be accessed other than for the purpose of destroying them) and not to disclose the content thereof to any third party.

**BASIS FOR REQUESTED RELIEF**

6. The requested relief is a condition precedent to the consummation of a global settlement between GTAT and Apple. Upon consummation of the settlement, the Supplemental Squiller Declaration, which includes GTAT's description of its relationship with Apple, and the Apple Objection would be of no relevance to these cases. Indeed, the main thrust of the Supplemental Squiller Declaration is to set forth matters that, at the time of its filing, were disputed, but have since been resolved consensually. Because GTAT does not need to make the arguments that the Supplemental Squiller Declaration was intended to support, the declaration can be withdrawn without harm to any party in interest. Similarly, the Apple Objection would have no relevance to these cases upon approval of the global settlement. By contrast, failure to obtain the requested relief could deprive GTAT of an advantageous settlement and force the parties to pursue costly and time-consuming litigation.

7. GTAT has previously set out the applicable authority to file and maintain materials under seal in its Motion to Seal the Sealing Motion [Docket No. 55] and the Sealing Motion [Docket No. 92], which are incorporated herein by reference. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Supplemental Squiller Declaration and the Apple Objection should remain under seal pending the approval hearing on GTAT's settlement with Apple.

8. Courts have inherent power over their own dockets and the inherent power to facilitate the disposition of matters before them. *See, e.g., In re Hilera*, No. BAP PR 96-010, 1997 WL 34842743, at *2 (B.A.P. 1st Cir. July 21, 1997) (a trial court has "inherent power to control its docket and to facilitate the timely and orderly disposition of cases"); *Zepeda v. PayPal, Inc.*, No. C 10-2500 SBA, 2013 WL 2147410, at *3 (N.D. Cal. May 15, 2013) ("district courts have the inherent power to control their docket"); *Gryphon Networks Corp. v. Contact*

*Ctr. Compliance Corp.*, 792 F. Supp. 2d 87, 90 (D. Mass. 2011) ("[c]ourts have inherent power to manage their dockets"); *In re Sosa*, 443 B.R. 263, 267 (Bankr. D.R.I. 2011) ("The source of federal courts' inherent power . . . to manage their own affairs is included within their power to achieve the orderly and expeditious disposition of cases.") (internal quotation marks omitted).

9. This inherent power includes the authority to strike documents from the docket. *See, e.g., Ramsdell v. Bowles*, 64 F.3d 5, 7 (1st Cir. 1995) (holding that magistrate judge did not abuse discretion in "relying on the court's inherent power to enforce its rules" to strike summary judgment opposition); *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio 2010) (holding that "trial courts make use of their inherent power to control their dockets . . . when determining whether to strike documents or portions of documents"); *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *15 (N.D. Cal. Oct. 15, 2010) (granting motion to strike disclosures of confidential information under the court's "inherent power to strike inappropriate materials"); *United States v. Miljus*, No. CIV. 06-1832-PK, 2008 WL 3539946, at *6 (D. Or. Aug. 11, 2008) (using court's inherent power over docket to strike documents from docket as "procedural nonentities"); *N. Am. Specialty Ins. Co. v. Nat'l Fire & Marine Ins. Co.*, No. 2:10-CV-01859-GMN, 2013 WL 1332205, at *5 (D. Nev. Apr. 2, 2013) ("a district court has the inherent power to strike a party's submissions other than pleadings").

10. In exercising its inherent power to remove a document from its docket, a court may direct the Clerk of the Court to remove a document from the docket and destroy any copies such that the document can no longer be accessed or retrieved. *See, e.g., In re Capsule Int'l Holdings, LLC*, No. 13-13281 (Bankr. D. Delaware Sept. 17, 2014) (order striking committee report from the docket) (ordering Clerk of the Court "to remove those entries [relating to creditor

5

committee report] from the docket and dispose of any paper copies of the Report by shredding or other destruction method"); *In re Advanced Telecomm. Network, Inc.*, 326 B.R. 191, 193 (Bankr. M.D. Fla. 2005) (the Court ordering at a hearing that motion that should have been filed under seal be removed from docket and replaced with notation that motion was removed "per judicial request").

11.     In addition, a court may order parties to destroy documents in furtherance of a settlement agreement.  *See, e.g., Banco Popular De Puerto Rico v. Greenblatt*, No. CIV. 87-1321 (JP), 1991 WL 338249, at *1 (D.P.R. Sept. 12, 1991) *aff'd*, 964 F.2d 1227 (1st Cir. 1992) ("The judgment, in addition to adopting the terms of the Settlement Agreement, affirmed and ratified a Stipulation and Order of Confidentiality . . . The parties were ordered to implement the provisions of paragraph 10 of the Order, which provided for the destruction or return of documents obtained during discovery."); *Wagar v. U.S. Dep't of Justice*, 846 F.2d 1040, 1041 (6th Cir. 1988) ("[u]pon settlement of the antitrust litigation, the district court presiding over that matter issued an order directing the Department of Justice to destroy all documents (with certain exceptions) which it had obtained from Kentucky Utilities during the course of discovery proceedings").

## **NOTICE**

12.     Notice of this Motion has been provided by email, facsimile, or overnight courier to: (a) the Office of the United States Trustee for Region 1, 1000 Elm Street, Suite 605 Manchester, NH 03101, Attn: Geraldine L. Karonis; (b) the Internal Revenue Service, 1000 Elm St., 9th Floor Manchester, NH 03101, Attn: District and Regional Directors; (c) the U.S. Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549; (d) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY 10153-0119, Attn: Gary T. Holtzer,

6

counsel for Apple; and (e) those parties who have formally filed requests for notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made to this or any other court.

## WAIVER OF MEMORANDUM OF LAW

14. The Movants request that the Court waive and dispense with the requirement set forth in Rule 7102(b)(2) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of New Hampshire ("LBR") that any motion filed shall have an accompanying memorandum of law. The legal authorities upon which the Movants rely are set forth in the Motion. Accordingly, the Movants submit that a waiver of the LBR 7102(b)(2) requirement is appropriate under these circumstances.

*[remainder of page intentionally left blank]*

WHEREFORE, the Movants respectfully request that the Court enter an order in the form attached hereto granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: October 21, 2014
       Manchester, NH

/s/ James T. Grogan_____
Luc A. Despins, Esq.
Andrew V. Tenzer, Esq.
James T. Grogan, Esq. (BNH07394)
PAUL HASTINGS LLP
Park Avenue Tower
75 East 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*- and -*

Daniel W. Sklar, Esq.
Holly J. Barcroft, Esq.
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101-2031
Telephone: (603) 628-4000
Facsimile: (603) 628-4040

*Proposed Co-Counsel for the Debtors and Debtors in Possession*


/s/ Gary Holtzer_____
Gary T. Holtzer, Esq.
Michael F. Walsh, Esq.
Robert J. Lemons, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Counsel for Apple Inc. and Platypus Development LLC*

8

/s/ *James S. Carr*
James S. Carr, Esq.
KELLEY, DRYE & WARREN, LLP
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7955
Facsimile: (212) 808-7897

*Proposed Counsel for the Official Committee of Unsecured Creditors*