**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
GT Advanced Technologies Inc., et al., : Case No. 14-11916-HJB
:
    Debtors.[1] : (Jointly Administered)
:
---------------------------------------------------------------x

**NOTEHOLDERS' (I) PRELIMINARY OBJECTION TO DEBTORS' MOTION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 363(b), 364, AND 365 AND BANKRUPTCY RULE 9019, FOR ENTRY OF AN ORDER APPROVING TERMS OF, AND AUTHORIZING DEBTORS TO ENTER INTO, ADEQUATE PROTECTION AND SETTLEMENT AGREEMENT WITH APPLE AND (II) JOINDER TO MOTION TO ADJOURN HEARING ON APPLE SETTLEMENT MOTION**

Certain unaffiliated holders (the "Noteholders") of the 3% Convertible Senior Notes due 2017 and 3% Convertible Senior Notes due 2020 (collectively, the "Notes") issued by GT Advanced Technologies Inc. (together with its affiliated debtors and debtors in possession, the "Debtors"), by and through its undersigned counsel,[2] hereby file this (I) preliminary objection (the "Preliminary Objection") to *Debtors' Motion, Pursuant to Bankruptcy Code Sections 105, 361, 363(b), 364, and 365 and Bankruptcy Rule 9019, for Entry of an Order approving Terms of, and Authorizing Debtors to Enter into, Adequate Protection and Settlement Agreement with Apple* [ECF No. 322] (the "Apple Settlement Motion")[3] and (II) joinder (the "Joinder") to the *Assented-To Motion by the Official Committee of Unsecured Creditors to Continue the Hearing*

---

[1]     The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2]     As set forth in the Amended Verified Statement Pursuant to Bankruptcy Rule 2019, filed on October 31, 2014 [ECF No. 400], the Noteholders hold in excess of 55% in aggregate principal amount of the Notes.

[3]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Apple Settlement Motion.

*on the Debtors' Motion for Entry of an Order Approving Adequate Protection and Settlement Agreement with Apple* [ECF No. 541] (the "Motion to Adjourn").  In support of this Preliminary Objection and Joinder, the Noteholders respectfully represent as follows:

## PRELIMINARY OBJECTION

1. The centerpiece of these chapter 11 cases is the resolution of numerous issues arising from the agreements (the "Apple Agreements") between and among the Debtors and Apple Inc. and certain of its affiliates (collectively, "Apple"), and Apple's conduct thereunder.  The Settlement Agreement must be evaluated in light of its importance to the Debtors' restructuring efforts and ultimate recoveries for the Debtors' creditors, including the Noteholders.

2. The Noteholders believe that insufficient information has been made available to parties in interest and this Court to analyze appropriately the propriety of the Settlement Agreement.  Indeed, absent the provision of material information by the Debtors and Apple to the Noteholders regarding the negotiations that led to the entry into the Apple Agreements and Apple's conduct thereunder, it is impossible for the Noteholders to determine whether the consideration to be received by the Debtors' estates under the Settlement Agreement is reasonable.  Accordingly, the Noteholders have served targeted discovery requests on Apple and the Debtors in order to evaluate whether the Settlement Agreement meets the standards required by Bankruptcy Rule 9019.

3. The *Supplemental Declaration of Daniel W. Squiller in Support of Chapter 11 Petitions and First-Day Motions* [ECF No. 462] (the "Supplemental Declaration")[4] contains extraordinary allegations against Apple which call into question the adequacy of the Settlement

---

[4] The Supplemental Declaration was originally filed under seal at ECF No. 110, but was unsealed by order of the Court and made available publicly on the docket on November 7, 2014.

Agreement. Indeed, the Supplemental Declaration alleges, among other things, that (i) Apple used a "bait and switch" strategy in negotiating the Apple Agreements,[5] (ii) Apple instructed the Debtors that it would be a waste of their time to try to negotiate the Apple Agreements,[6] (iii) the Apple Agreements are essentially "adhesion contracts,"[7] and (iv) Apple controlled the Debtors' sapphire production process.[8] The facts and allegations in the Supplemental Declaration support claims and causes of action in favor of the Debtors' estates against Apple arising from the Apple Agreements and Apple's conduct. These potential claims and causes of action include, without limitation, claims for (i) lender liability, (ii) breach of contract, (iii) breach of the covenant of good faith and fair dealing, and (iv) equitable subordination or disallowance of Apple's claims against the Debtors. Moreover, based on certain assertions in the Supplemental Declaration, the Noteholders believe that Apple's claims against GT Equipment may not be properly secured by the Mesa ASF Furnaces, leaving such claims entirely unsecured. *See Supplemental Declaration*, ¶ 51 n. 6.

4. Pursuant to the Settlement Agreement, the Debtors propose to release any and all of the valuable claims and causes of action they may have against Apple, including those discussed above. *See* Settlement Agreement, § 5. To this point, the Noteholders have not been able to conduct an investigation into these claims and, therefore, are not in a position to evaluate effectively the terms of a settlement that is the cornerstone of these cases. The Noteholders believe, however, that the Debtors may have settled viable claims against Apple for insufficient consideration. In connection with the Apple Settlement Motion, the Noteholders have served

---

[5] *See* Supplemental Declaration, ¶ 10.

[6] *See id.* at ¶ 16.

[7] *See id.* at ¶ 18.

[8] *See id.* at ¶¶ 22-30.

discovery requests on Apple and the Debtors, and have met and conferred with Apple and the Debtors with respect thereto. As of the date of this Preliminary Objection, the Noteholders have not received any of the documents or conducted any of the depositions requested in the Noteholders' discovery requests.

5. Given the impact the Settlement Agreement will have on the direction of these chapter 11 cases and stakeholder recoveries, the Noteholders submit this Preliminary Objection to facilitate the discovery they seek of Apple and the Debtors, and to enable creditors to analyze the Settlement Agreement fully. The Noteholders reserve the right to supplement this Preliminary Objection in advance of the hearing on the Apple Settlement Motion.

## JOINDER

6. On November 18, 2014, the Official Committee of Unsecured Creditors (the "Committee") filed the Motion to Adjourn, requesting that the hearing on the Apple Settlement Motion be adjourned to December 10, 2014. The Noteholders join in the relief requested in the Motion to Adourn and believe that the additional time requested by the Motion to Adjourn will permit the Noteholders to complete the requested discovery of Apple and the Debtors and analyze whether the Settlement Agreement is reasonable and in the best interests of the Debtors' estates.

## CONCLUSION

For all of the foregoing reasons, the Noteholders respectfully request that the Court (i) grant the Motion to Adjourn to permit the Noteholders to conduct reasonable and targeted discovery regarding the Apple Settlement Motion and the Settlement Agreement, and (ii) grant the Noteholders such other relief as is just, proper and equitable.

Dated: November 18, 2014          Respectfully submitted,

*/s/ Benjamin E. Marcus*
Benjamin E. Marcus (BNH # 06561)
Jeremy R. Fischer (BNH #07143)
DRUMMOND WOODSUM
100 International Drive
Portsmouth, New Hampshire 03801
Telephone: (603) 433-3317
E-mail: bmarcus@dwmlaw.com
       jfischer@dwmlaw.com

- and -

Michael S. Stamer (admitted *pro hac vice*)
Philip C. Dublin (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Brad M. Kahn (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
E-mail: mstamer@akingump.com
       pdublin@akingump.com
       aqureshi@akingump.com
       bkahn@akingump.com