UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re:<br><br>GT Advanced Technologies, Inc., et al,<br><br>Debtors[1] | Chapter 11<br><br>Case No. 14-11916-HJB<br>Jointly Administered<br><br>*Motion for Expedited*<br>*Hearing Pending* |

## MOTION OF UNITED STATES TRUSTEE FOR ORDER AUTHORIZING APPOINTMENT OF INDEPENDENT FEE EXAMINER

TO THE HONORABLE HENRY J. BOROFF
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 586 and 11 U.S.C. §§ 105(a) and 330, William K. Harrington, the United States Trustee for Region 1 ("**United States Trustee**"), respectfully moves for an Order authorizing the appointment of an Independent Fee Examiner and for related modifications to the Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Court Docket No. 257]. In support thereof, the United States Trustee states as follows:

### I. PRELIMINARY STATEMENT

The United States Trustee respectfully requests that the Court authorize the appointment of an Independent Fee Examiner to provide substantive analysis of the fee requests filed by more

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).

1

than a dozen professionals whose retention has been authorized by the Court. Given the magnitude of these chapter 11 cases and the number of retained professionals who will apply to this Court for compensation, scrutiny of professional fees will prove especially challenging. To meet these challenges and to ensure that all professional fee requests meet applicable Bankruptcy Code requirements, the Court should authorize the appointment of a fee examiner.

## II.  JURISDICTION AND AUTHORITY

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 157 and 1334 and L.R. 77.4(a) of the Local Rules of the United States District Court for the District of New Hampshire.  This is a core proceeding in accordance with 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.   The statutory predicate for the relief sought is 11 U.S.C. §§ 105 and 330.

## III.  PROCEDURAL STATUS

1. On October 6, 2014 ("**Petition Date**"), GT Advanced Technologies Inc., GTAT Corporation, GT Advanced Equipment Holding LLC, GT Equipment Holdings, Inc., Lindbergh Acquisition Corp., GT Sapphire Systems Holding LLC, GT Advanced Cz LLC, GT Sapphire Systems Group LLC, and GT Advanced Technologies Limited (collectively, "**Debtors**") filed skeletal voluntary chapter 11 petitions with the Court.  The Debtors' cases have not been substantively consolidated, but are being jointly administered pursuant to Order of the Court. *See* Court Order dated October 7, 2014; Docket No. 47.

2. The Debtors are engaged in the business of producing advanced materials and equipment for the global consumer electronics, power electronics, solar and light-emitting diode industries.  Prior to the Petition Date, the Debtors were also engaged in the production of

2

sapphires for use in Apple, Inc. ("**Apple**") products.

3. Upon information and belief, on the Petition Date, the Debtors' primary debts consisted of secured claims held by Apple, unsecured trade claims exceeding $1 billion dollars, which include an aggregate principal amount of $434 million in outstanding funded debt consisting of 3% Convertible Senior Notes due 2017 and 3% Convertible Senior Notes due 2020 (collectively, the "**Notes**"). According to their Schedules and Statements of Financial Affairs filed on November 21, 2014, the Debtors collectively have assets in excess of $1 billion dollars.

4. GT Advanced Technologies, Inc. was publicly traded, operating under the symbol GTAT, but following the filing the United States Securities & Exchange Commission delisted its shares.

5. On October 14, 2014, the United States Trustee for the District of New Hampshire (the "U.S. Trustee") appointed a seven member official committee of unsecured creditors ("**Official Committee of Unsecured Creditors**").

6. On October 22, 2014, the Court entered its Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals ("Interim Compensation Order") [Docket No. 257].

7. Following the filing, the Debtors have employed with Court approval the following professionals:

    a. Paul Hastings LLP, lead counsel for the Debtors

    b. Nixon Peabody, local counsel for the Debtors

    c. Ropes & Gray LLP, special counsel to the Debtors

    d. Quinn Emanuel Urquhart & Sullivan, LLP, special counsel for the Debtors

 e. Alvarez & Marsal North America, LLC, restructuring advisors to the Debtors

 f. Rothschild Group, investment banker for the Debtors

 g. Contract attorneys retained under the supervision of Ropes & Gray to respond to inquiries of the Securities & Exchange Commission and other administrative agencies

 h. Kurtzman Carson Consultants, LLC, notice, claims and balloting agent to Debtors.

 i. The Debtors have also been authorized to retain numerous "Ordinary Course Professionals."

Also before the Court on May 12, 2015 are: the Debtors' Application to retain Seder & Chandler as special counsel to GT Advanced Technologies Limited [Court Docket No. 1699], and the Debtors' Application to retain StoneTurn Group, LLP as Accountants [Court Docket No. 1662].

 8. Following the filing, the Official Committee of Unsecured Creditors has employed with Court approval the following professionals:

 a. Kelley Drye & Warren LLP, lead counsel to the Official Committee of Unsecured Creditors

 b. Devine Millimet, local counsel to the Official Committee of Unsecured Creditors

 c. Houlihan Lokey, investment banker for the Official Committee of Unsecured Creditors

 d. EisnerAmper, financial advisor to the Official Committee of Unsecured Creditors.

In addition, the Committee has retained The Garden City Group, Inc. as Information Services Agent.

9. On March 23, 2015, the retained professionals filed their First Interim Fee Applications seeking collectively in excess of $11.046 million in fees and $460,069 in expenses. The Court heard the First Interim Fee Applications on April 16, 2015 and authorized interim compensation and reimbursement of expenses at that time. In response to those interim Fee Applications, the United States Trustee reported that a motion for the appointment of an independent Fee Examiner was contemplated.

### IV. AUTHORITY FOR THE APPOINTMENT OF AN INDEPENDENT FEE EXAMINER

Section 330(a)(3) of Title 11 sets forth the standards for authorizing compensation to professionals retained in bankruptcy cases:

> In determining the amount of reasonable compensation to be awarded ... the court shall consider the nature, the extent, and the value of such services, taking into account all factors, including–
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person … has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). It is the Court's responsibility to review applications for compensation and reimbursement of expenses and to enter appropriate Orders on them. The United States Trustee is also charged with reviewing fee applications and commenting when appropriate. 28 U.S.C. § 586(a)(3)(A).

In complex cases a number of bankruptcy courts have appointed independent fee examiners pursuant to Section 105 of the Bankruptcy Code. The role of a fee examiner is different from that of an examiner appointed under 11 U.S.C. § 1104(c) who is charged with conducting "an investigation of the debtor as is appropriate." 11 U.S.C. § 1104; *see also In re Collins & Aikman Corp.*, 368 B.R. 623, 625-627 (Bankr. E.D. Mich. 2007).

Fee examiners or fee review committees have been appointed in many significant and complex bankruptcy cases, including but not limited to *Energy Future Holdings*, Docket No. 1896, Case No. 14-10979-CSS (Bankr. Del.), *Budd Company*, Docket No. 346, Case No. 14-11873-JBS (Bankr. N.D.Ill.), *Lehman Brothers Holdings*, Docket No. 3651, Case No. 08-13555-scc (Bankr. S.D.N.Y.), *Motors Liquidation (f/k/a General Motors)*, Docket No. 4708, Case No. 09-50026-reg (Bankr. S.D.N.Y.), *AMR Corp.*, Docket No. 2897, Case No. 11-15463-shl (Bankr. S.D.N.Y.), *Exide Technologies*, Docket No. 1283, Case No. 13-11482-KJC (Bankr. Del.), and *Mineral Park*, Docket No. 274, Case No. 14-11996-KJC (Bankr. Del.).

The Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and guidelines issued by the bankruptcy courts and the Executive Office for U.S. Trustees impose fairly rigorous and detailed timekeeping and reporting standards on professionals.

> Even with electronic data and filing now widely in use, those detailed reporting
> requirements impose a significant burden on the courts: daily narrative time records for

> hundreds and, in some proceedings, thousands of timekeepers fill thousands of pages and hundreds of thousands of lines. On occasion, usually by stipulation, the bankruptcy courts have utilized fee auditors, fee examiners, and fee committees to provide quantitative and qualitative analysis and recommendations.

*Baker Botts L.L.P.* v. *Asarco, LLC*, 2014 WL 6984132 (Supreme Court December 10, 2014) (*Amicus Brief of Neutral Fee Examiners Supporting Neither Party*).

## V.  ARGUMENT

### A.  The Court Should Authorize the Appointment of an Independent Fee Examiner.

10. Given the size and complexity of the chapter 11 cases, the United States Trustee requests that the Court authorize the appointment of an Independent Fee Examiner to review and report on as appropriate the monthly invoices submitted in accordance with the Compensation Order and all interim and final applications for allowance of compensation and reimbursement of expenses filed by professionals retained under sections 105, 327, or 1103 of the Bankruptcy Code or similar authority (the "Retained Professionals"), in accordance with sections 328, 330, and 331 of the Bankruptcy Code and the Interim Compensation Order (collectively, the "Applications").

11. The appointment of a fee examiner will promote consistency, predictability, and transparency when the Retained Professionals file their Applications. In addition, all parties will maintain their rights to review and contest any of the Applications.

12. It is the understanding of the United States Trustee that the Debtors and the Committee do not oppose the request for the entry of an Order authorizing the appointment of an Independent Fee Examiner subject to the terms and conditions of this Motion and Order.

13. The United States Trustee has identified a candidate to serve as Independent Fee

7

Examiner: Joseph McMahon, Esq. of Ciardi, Ciardi & Astin, 1204 N. King Street, Wilmington, Delaware 19801.  His resume is attached as Exhibit A.  He has agreed to serve if appointed.

### B. Duties of Independent Fee Examiner

14. The United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner impose upon the Independent Fee Examiner the duty to review and assess all Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with the following:

    a.    Bankruptcy Code Sections 328, 329, 330, and 331, as applicable;

    b.    Rule 2016 of the Federal Rules of Bankruptcy Procedure;

    c.    The Interim Compensation Order;

    d.    Local Bankruptcy Rule 2016-1 and Administrative Order 2016-1; and

    e.    United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, 28 C.F.R. Part 58, Appendix A and Appendix B.

### C. Authority of Independent Fee Examiner

15. The United States Trustee also requests that any Court Order appointing an Independent Fee Examiner also authorize the Fee Examiner to:

    a.    File comments on the public docket of the Court regarding any Application by a Retained Professional;

    b.    Communicate his concerns regarding any Application to the Retained Professionals to whom such Application pertains, and to request further

8

    information as appropriate;

  c. Request Retained Professionals to provide budgets, staffing plans, or other information to the Independent Fee Examiner;

  d. Establish procedures for the resolution of disputes with Retained Professionals;

  e. Recommend procedures to facilitate the preparation and review of Applications;

  f. Appear and be heard on any matter before the Court;

  g. File and litigate objections to the allowance of any Application;

  h. Take, defend, or appear in any appeal regarding an Application;

  i. Conduct discovery; and

  j. Retain, subject to Court approval, professionals (including attorneys and auditors) to represent or assist the Independent Fee Examiner in connection with any of the foregoing.

16. The United States Trustee further requests that any Order appointing an Independent Fee Examiner provide that the Debtors, the Committee, the United States Trustee, and all Retained Professionals shall cooperate with the Independent Fee Examiner in the discharge of the Independent Fee Examiner's duties and shall promptly respond to any reasonable requests for information or communications from the Independent Fee Examiner.

  **D.** **Compensation of Fee Examiner**

17. The United States Trustee requests that any Order appointing an Independent Fee Examiner provide that the Fee Examiner and any Professionals retained by the Independent Fee

9

Examiner shall be entitled to compensation from the estate for their reasonable fees and expenses. Any such requests for compensation shall be made by application to the Court and shall be allowed according to the same standards and procedures that apply to Retained Professionals.

### E. Immunity of Independent Fee Examiner

18. Finally, the United States Trustee requests that any Order authorizing the appointment of an Independent Fee Examiner provide that the Independent Fee Examiner is appointed as an Officer of the Court with respect to the performance of the duties set forth herein and given immunity permitted by law from civil actions for all acts taken or omitted in the performance of his duties.

### VI. PROPOSED MODIFICATIONS TO THE INTERIM COMPENSATION ORDER

19. Should the Court find that the appointment of an Independent Fee Examiner is warranted under the circumstances, the United States Trustee requests entry of an Order modifying the existing Interim Compensation Order. A proposed modified Order is submitted herewith.

\*\*\*

WHEREFORE, the United States Trustee respectfully requests that the Court consider the foregoing, and authorize the appointment of an Independent Fee Examiner subject to the terms herein, and grant such further relief as may be just.

        Respectfully submitted,

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE


By:   /s/ Geraldine Karonis
        Geraldine Karonis
        Assistant United States Trustee
        Office of the United States Trustee
        1000 Elm Street
        Suite 605
        Manchester, NH 03101
        (603) 666-7908
        Bnh 01853

Dated: May 5, 2015

**EXHIBIT A**

McMahon 1

**JOSEPH J. McMAHON, JR., Esq.**
**CIARDI, CIARDI & ASTIN**
**1204 N. King Street**
**Wilmington, DE  19801**
**(302) 658-1100**
**(302) 658-1300 (Fax)**

**Member PA, NJ, and DE Bars**

Admitted to practice: U.S. Court of Appeals for Third Circuit, U.S. District Courts for Eastern and Middle Districts of PA, U.S. District Court for District of NJ, and U.S. District Court for District of DE

**EDUCATION**

**J.D., Villanova University School of Law**                                                                                   *1995*

• Symposium Editor, "Broadcast Indecency," VILLANOVA SPORTS & ENTERTAINMENT LAW FORUM
• Co-Author, *A History and Analysis of Baseball's Three Antitrust Exemptions*, 2 VILLANOVA SPORTS & ENTERTAINMENT LAW FORUM

**B.A., *magna cum laude*, General University Honors, La Salle University**                *1992*

• Member, Lambda Iota Tau (international honor society for literature students)
• University Scholarship (merit scholarship – full tuition); Campbell Soup Company Scholarship (merit scholarships)

**EMPLOYMENT**

**Of Counsel, Ciardi Ciardi & Astin,** Wilmington, DE                                                         *2010 – present*

Primarily represent chapter 7 trustees and other entities in corporate/individual cases under chapters 7 and 11 of Bankruptcy Code.

**Attorney-Advisor/Trial Attorney, United States Department of Justice, Office of the United States Trustee,** Philadelphia, PA (2000-2001); Wilmington, DE (2001-2010)         *2000-2010*

Primarily represented United States Trustee in administering complex corporate reorganization cases under chapter 11 of Bankruptcy Code.

**Responsibilities included:**

• review professional employment applications filed by trustees/debtors in possession for conflicts
• comment upon disclosure statements/plans
• review professional compensation applications for reasonableness
• ensure cases progress in timely fashion
• collect "quarterly fees" payable under 28 U.S.C. § 1930(a)(6)
• monitor Chapter 7 administration by panel trustees
• object to Chapter 7 discharge under 11 U.S.C. § 727/seeking dismissal of Chapter 7 cases for "abuse"
• refer matters to U.S. Attorney for criminal investigation; serve as office's primary liaison with U.S. Attorney for the District of DE (2001 - present).

McMahon 2

**Selected, reported decisions**:

• Genesis Health Ventures, Inc. *v.* Stapleton (*In re* Genesis Health Ventures, Inc.), 280 B.R. 95 (Bankr. D. Del. 2002), *aff'd*, 402 F.3d 416 (3d Cir. 2005) (construction of "disbursements" under 28 U.S.C. § 1930(a)(6); effect of "deemed consolidation" provision on obligation to pay quarterly fees under 28 U.S.C. § 1930 (a)(6)) (on brief)
• U.S. Trustee *v.* Official Committee of Equity Security Holders (*In re* Zenith Electronics Corp.), 329 F.3d 338 (3d Cir. 2003) (whether appeal from bankruptcy court ruling granting "substantial contribution" award under 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4) equitably moot) **(**part of appellate litigation team)
• *In re* Pillowtex, Inc., 304 F.3d 246 (3d Cir. 2002) (whether bankruptcy court was required to hold hearing to determine if debtors' counsel received preferential transfer before authorizing firm's employment under 11 U.S.C. § 327(a)) (part of appellate litigation team)
• *In re* Essential Therapeutics, Inc., 308 B.R. 170 (Bankr. D. Del. 2004) (whether *ad hoc* committee of preferred shareholders made "substantial contribution" to case under 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4))
• *In re* Fleming Cos., 305 B.R. 389 (Bankr. D. Del. 2004) (whether financial advisor demonstrated "extraordinary circumstances" warranting *nunc pro tunc* employment under 11 U.S.C. § 327(a))
• *In re* GC Companies, Inc., 274 B.R. 663 (Bankr. D. Del. 2002), *aff'd in part, rev'd in part,* 298 B.R. 226 (D. Del. 2003) (construction of term "disbursements" in 28 U.S.C. § 1930(a)(6); propriety of request to make substantive consolidation effective *nunc pro tunc* to the date chapter 11 cases were filed)
• DeAngelis *v.* Rychalsky (*In re* Rychalsky), 318 B.R. 61 (Bankr. D. Del. 2004) (whether deadline in Federal Rule of Bankruptcy Procedure 4004(a) for filing complaint objecting to discharge was subject to equitable tolling)
• *In re* Woodworkers Warehouse, Inc., 303 B.R. 740 (Bankr. D. Del. 2004) (whether proposed counsel to debtor in possession ("DIP") had disqualifying conflict of interest due to representation of official committee of unsecured creditors in bankruptcy case of DIP's predecessor)
• *In re* WW Warehouse, Inc., 313 B.R. 588 (Bankr. D. Del. 2004) (whether gift certificate claims entitled to priority status under 11 U.S.C. § 507(a))
• *In re* Paret, 347 B.R. 12 (Bankr. D. Del. 2006) (whether absence of "presumed abuse" under 11 U.S.C. § 707(b)(2) precluded finding of "abuse" under 11 U.S.C. § 707(b)(1)

**Associate, Law Offices of Thomas I. Puleo,** Blue Bell, PA                               *1996-2000*

• Represented mortgage lenders in state court foreclosure actions, bankruptcy cases

**Paralegal, Britt, Hankins, Schaible & Moughan,** Plymouth Meeting, PA         *1995-1996*

• Assisted attorneys with casualty insurance defense practice