UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

-----------------------------------------------------------------x

| | |
|---|---|
| *In re:* | : |
| | : Chapter 11 |
| | : |
| | : Case No. 14-11916 (HJB) |
| **GT ADVANCED TECHNOLOGIES INC.,** *et al.*, | : |
| | : |
| | : |
| Debtors.[1] | : Jointly Administered |

-----------------------------------------------------------------x

**ORDER AUTHORIZING INDEPENDENT FEE EXAMINER PURSUANT TO 11 U.S.C. § 105(a) AND MODIFYING INTERIM COMPENSATION PROCEDURES FOR CERTAIN PROFESSIONALS EMPLOYED PURSUANT TO 11 U.S.C. § 327**

Upon consideration of the *Motion of United States Trustee for Order Authorizing Appointment of Independent Fee Examiner* [Docket No. 1762] ](the "Fee Examiner Motion") and the *Order Granting Debtors' Motion Pursuant to Sections 105(a), 327 and 331, Bankruptcy Rule 2016, and LBR 2016-1 for Entry of an Order Authorizing Procedures for Interim Compensation and Reimbursement of Expenses of Debtors and Committee Professionals* [Docket No. 257] (the "Interim Compensation Order")[2] entered by the Court in these cases; upon further consideration that the size and complexity of these jointly administered chapter 11 cases have resulted in the filing of numerous, lengthy, and complex professional fee applications; and upon the Court's conclusion that the appointment of a fee examiner under Bankruptcy Code § 105

---

[1] The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721). The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2] Capitalized terms used but not defined herein have the meaning ascribed in the Interim Compensation Order.

appears to be in the best interests of the Debtors, their estates and creditors, and other parties-in-interest,

IT IS HEREBY ORDERED THAT:

1. The Court appoints Joseph J. McMahon, Jr., of Ciardi, Ciardi & Astin ("Ciardi"), to serve as the independent fee examiner (the "Fee Examiner") in these chapter 11 cases, subject to the terms and conditions of this Order and the Interim Compensation Order, as modified herein.

2. The Fee Examiner's hourly rate shall be no more than $400.

3. In the performance of his duties and powers as provided in this Order, the Fee Examiner shall enjoy the maximum immunity permitted by law from all manner of claims, demands, suits, or civil actions for all acts taken or omitted by him. Any and all claims, demands, suits, or civil actions not brought or asserted against the Fee Examiner prior to the thirtieth (30th) calendar day after entry of an order determining the last final fee application in these cases pursuant to 11 U.S.C. § 330 shall be barred forever and discharged, and all persons and entities shall be enjoined from prosecuting such claims in any manner thereafter.

4. The Fee Examiner may retain Ciardi as legal counsel and Whisman Giordano & Associates LLC ("Whisman")[3] as accountants, to assist in the discharge of his duties. The Fee Examiner's retentions of Ciardi and Whisman shall be subject to Court approval under standards equivalent to 11 U.S.C. § 327, after notice and opportunity for hearing pursuant to the Local Rules of this Court.

5. The fees and expenses of the Fee Examiner, Ciardi, and Whisman shall be subject to application and review pursuant to Bankruptcy Code § 330 and shall be paid from the Debtors'

---

[3] Provided, however, that Whisman's hourly rate shall be no more than $135.

2

estates as an expense of administration under 11 U.S.C. § 503(b)(2) and in accordance with the procedures in the Interim Compensation Order. The Fee Examiner and Whisman's compensation shall not be contingent or dependent on any element of success or result. The Fee Examiner and Whisman's fees and expenses shall be subject to the information detail requirements set forth in Local Rule 2016-1 and the applicable United States Trustee Appendix B Guidelines for Compensation (the "U.S. Trustee Guidelines").

6.  The scope of the Fee Examiner's duties and responsibilities shall encompass all interim and final fee applications (together, "Applications") submitted *after* the effective date of this Order (except for the portion of final fee applications that applies to periods where an Interim Fee Application for such period was approved by the Court prior to the effective date of this Order) by (1) any and all professionals in these cases requesting compensation and/or reimbursement of expenses on an interim basis pursuant to Bankruptcy Code §§ 327, 330, 331, or 1103, and (2) any professional subject to the *Order Granting Debtors' Motion Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code for Entry of Order Authorizing Debtors to Retain and Compensate Ordinary Course Professionals, Nunc Pro Tunc to Petition Date* [Docket No. 807] (the "Ordinary Course Professionals Order") whose fees exceed the annual cap specified for such professional in the Ordinary Course Professionals Order, but only for fees incurred in the year in which such fees exceed the annual cap ((1) and (2) collectively, the "Retained Professionals"). Unless the Court orders otherwise, the scope of the Fee Examiner's duties and responsibilities shall not extend to (1) any requests for compensation submitted pursuant to 11 U.S.C. §§ 503(b)(3) or 503(b)(4), and/or for making a substantial contribution to these chapter 11 cases, (2) any applications for interim compensation made pursuant to 11 U.S.C. § 331 that were granted by the Court before the effective date of this

Order; or (3) any requests by any Retained Professional for the payment of any fixed monthly fee, completion fee, new capital fee or other transaction fee as set forth in such Retained Professionals' engagement agreement (which engagement agreement was approved by an order of the Court), solely with respect to such requested fee.

       7.       Except as provided in Paragraph 6 above, the Fee Examiner shall review and assess all fee and expense Applications filed by Retained Professionals, and the fees and reimbursement of expenses for which allowance is sought pursuant to the Applications, for compliance with (1) Sections 328, 329, 330, and 331 of Title 11 of the United States Code, as applicable, (2) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (3) the Interim Compensation Order (as amended herein), and (4) Local Rule 2016-1.  Except as otherwise provided herein, the Fee Examiner is further authorized and shall have standing before the Court:

      a.    to review and comment on Applications;

      b.    to prepare summaries and reports for the Court to aid in the review and approval of Applications, which may include such matters as the efficiency and reasonableness of staffing and expenses and the appropriateness of periodic increases in hourly rates;

      c.    to require applicants for compensation to provide him such supplemental information as he may reasonably require in order to evaluate the reasonableness of any particular fee item; provided, however, that nothing herein shall require a Retained Professional to provide any information that would disclose privileged information, work product, or anything (including potential strategies) that in the Retained Professional's reasonable discretion could be damaging or prejudicial to its clients; provided, for the avoidance of doubt, that a professional's general discussion of projects and tasks without reference to confidential details shall not be considered a waiver of any privilege or discovery immunity; and

   d. to appear and be heard at any hearing where a Retained Professional's Application is being considered.

Notwithstanding these enumerated powers, the Fee Examiner shall have no role in evaluating or judging the legal or factual merits of any papers filed or positions taken by parties in interest or their Retained Professionals, but this restriction shall not limit the ability of the Fee Examiner to consider the factors set forth in 11 U.S.C. §§ 330(a)(3)(C) and (D) in his evaluation of Applications for compensation and reimbursement of expenses.

 8. Following review of *each* Application filed by a Retained Professional, the Fee Examiner shall:

   a. Prepare, as appropriate, periodic reports on such Applications (each, a "Preliminary Report") setting forth any issues or objections related to such Retained Professional's Application. The Preliminary Report on each Application shall be transmitted to the Debtors, Paul Hastings, as lead counsel for the Debtors, Kelley Drye & Warren, as lead counsel to the Committee, the U.S. Trustee, and the Retained Professional that is the subject of the Preliminary Report (the "Subject Retained Professional"). The contents of the Preliminary Report shall be maintained in confidence by such parties (except the U.S. Trustee) until such time as the Fee Examiner incorporated all or any portion of the Preliminary Report into a Final Report (as defined below).

   b. The Fee Examiner and the Subject Retained Professional shall attempt to reach a mutually acceptable resolution of any issue(s) identified in the Preliminary Report. In doing so, the Fee Examiner shall provide the Subject Retained Professional with a reasonable opportunity to resolve any such issues or to amend the Subject Retained Professional's Application or proposed order with respect to such Application.

   c. After providing the Subject Retained Professional a reasonable opportunity to respond to the Preliminary Report and attempt to resolve any issue(s) set forth therein, the Fee Examiner shall filed a report (the

"Final Report") with the Court setting forth any unresolved objections to the Application. The Fee Examiner shall file the Final Report regarding any Retained Professional's Application with the Court at least seven days prior to the scheduled hearing date for the Application. The Fee Examiner's Final Report regarding a Retained Professional's Application shall state either (i) that the Fee Examiner has no issues with the Application or was able to reach a consensual resolution to any issues, or (ii) that certain issues raised by the Fee Examiner remain unresolved. In the event issues remain unresolved with regard to any Application, the Fee Examiner shall identify such issues and any proposed resolutions. The Subject Retained Professional may file a response at least three days prior to the scheduled hearing.

9. The Fee Examiner, the Retained Professionals, and the Debtors shall use best efforts to have any undisputed portion of a Retained Professional's Application paid as soon as reasonably practicable, even if certain portions of such Application remain disputed and subject to further proceedings.

10. The Debtors, the Official Committee of Unsecured Creditors, and all Retained Professionals (including attorneys, financial advisors, auditors, and claims consultants) shall cooperate with the Fee Examiner in the discharge of the Fee Examiner's duties and shall, subject to the qualification set forth in Paragraph 7.c. above with respect to privileged matters or work product, promptly respond to any reasonable request for information from the Fee Examiner.

11. Nothing contained herein shall affect the right, if any, of any party in interest in these cases to object or otherwise respond to any Interim Fee Application or Monthly Statement, including those of the Fee Examiner. Nothing herein shall affect any party's right to request a waiver of the requirements of Local Rule 2016-1, the U.S. Trustee Guidelines, and/or the requirements under 11 U.S.C. § 330, to the extent they apply; nor shall any part of this Order be

interpreted or construed so as to prejudice the rights of any applicant to include in any fee Application a request for payment of any fees and reimbursement of any expenses incurred in the defense of any fee Application (or to impair any defense thereto), which shall be adjudicated in accordance with applicable law.

12. Any communication between the Fee Examiner (or any agent thereof) and any Notice Party (or any agent thereof) that pertains to the fees or expenses of any Retained Professional of another Notice Party itself shall be in writing and copies thereof shall be sent to the Retained Professional whose fees or expenses are the subject of such communication, at the same time and by the same means as the communication between the Fee Examiner and the Notice Party.

13. The Notice Parties, as defined in the Interim Compensation Order, as amended by this Order, are authorized and empowered to take any and all actions necessary to implement and effectuate the terms of this Order, but only to the extent such actions are not inconsistent with the express terms of this Order.

14. The Interim Compensation Order is hereby modified as follows:

    a. The Fee Examiner is designated as an additional Notice Party entitled to receive Monthly Statements, and provide objections if appropriate, under the procedures set forth in the Interim Compensation Order.

    b. Each Monthly Statement and Interim Fee Application shall include detail containing the time entries and the expense items in searchable Adobe Acrobat (pdf) format or other searchable electronic format as may be reasonably requested (such as Excel or Microsoft Word).

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and shall remain in effect unless and until the Court orders otherwise.

16. The Court retains jurisdiction to enforce, modify, or vacate this Order after hearing upon not less than ten (10) days' notice to the Fee Examiner, the Debtors, the Official Committee of Unsecured Creditors, and the U.S. Trustee. Notwithstanding any provisions of this Order to the contrary, the Court retains ultimate authority to determine whether fees and expenses requested by any Retained Professional are necessary and reasonable under 11 U.S.C. § 330.

DATED this 15th day of May, 2015

                                                /s/ Henry J. Boroff
                                          The Honorable Henry J. Boroff
                                          United States Bankruptcy Judge