**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

------------------------------------------------------------------x
                                             **:**

*In re:*                                   **:**     **Chapter 11**
                                             **:**

**GT ADVANCED TECHNOLOGIES INC.,** *et al.*,**:**   **Case No. 14-11916-HJB**
                                             **:**

**Debtors.**[1]                   **:**     **Jointly Administered**
                                             **:**
------------------------------------------------------------------x

**OMNIBUS ORDER REGARDING INTERIM APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES [COURT DOCKET NOS. 2044, 2046, 2047,
2049, 2051, 2052, 2057, 2058, 2099, 2108, 2109, 2110, 2131]**

These matters came to be heard before the court at a hearing held on September 17, 2015

regarding the interim applications (collectively, the "Applications")[2] for compensation and

reimbursement of expenses of: (i) Nixon Peabody LLP, as local counsel to the Debtors [Docket

No. 2110]; (ii) Paul Hastings LLP, as counsel to the Debtors [Docket No. 2051]; (iii) Ropes &

Gray LLP, as corporate and special counsel for the Debtors [Docket No. 2109]; (iv) Quinn

Emanuel Urquhart & Sullivan, LLP, as special counsel to GT Advanced Equipment Holding

LLC [Docket No. 2108]; (v) Alvarez & Marsal North America, LLC, as restructuring advisors to

the Debtors [Docket No. 2057]; (vi) Rothschild Inc., as financial advisor and investment banker

to the Debtors [Docket No. 2099]; (vii) StoneTurn Group, LLP, as accountants to the Debtors

[Docket No. 2131]; (viii) PricewaterhouseCoopers LLP, as accountants and tax advisors to the

---

[1]     The Debtors, along with the last four digits of each debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), GT Advanced Equipment Holding LLC (8329), GT Equipment Holdings, Inc. (0040), Lindbergh Acquisition Corp. (5073), GT Sapphire Systems Holding LLC (4417), GT Advanced Cz LLC (9815), GT Sapphire Systems Group LLC (5126), and GT Advanced Technologies Limited (1721).  The Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

[2]     Capitalized terms used by not defined herein have the meanings ascribed to them in the Applications.

Debtors [Docket No. 2058]; (ix) Devine Millimet & Branch, P.A., as counsel to the Creditors' Committee [Docket No. 2044]; (x) Kelley, Drye & Warren, LLP, as counsel for the Creditors' Committee [Docket No. 2046]; (xi) EisnerAmper LLP, as financial advisors to the Creditors' Committee [Docket No. 2052]; (xii) Houlihan Lokey Capital, Inc., as investment banker to the Creditors' Committee [Docket No. 2047]; and (xiii) Kelley Drye & Warren LLP for reimbursement of expenses incurred by the members of the Creditors' Committee [Docket No. 2049] (collectively, the "Applicants"), in each case for the period from February 2015 through May 2015.

The *Consolidated Final Report of Joseph J. McMahon, Jr., Fee Examiner, Pertaining to the Interim Fee Applications of Certain Retained Professionals for the Period from February 2015 Through May 2015* [Docket No. 2288] (the "Report") was filed with this Court on September 11, 2015.

As set forth in the Report, the Applicants agree with the recommendations set forth in the Report regarding the fees to be allowed and expenses to be reimbursed as detailed in Exhibit A attached hereto.

NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Applications are granted on an interim basis as set forth herein;

2.      The amounts set forth in the columns titled "Allowed Fees" and "Allowed Expenses" of Exhibit A attached hereto are hereby approved and allowed as administrative expenses, and the Debtors are authorized and directed to pay such amounts to the extent not previously paid.

3.　　　　In addition, the amount of $4,941.85 in expenses incurred by the members of the Creditors' Committee during the period from February 2015 through May 2015 is hereby approved and allowed as an administrative expense, and the Debtors are authorized and directed to pay such amounts to the extent not previously paid to Kelley Drye.

4.　　　　The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

It is so ORDERED this _18th_ day of _September_, 2015.

_/s/ Henry J. Boroff_

Honorable Henry J. Boroff
United States Bankruptcy Judge

**Exhibit A -- Interim Fee Applications (February 2015 – May 2015)**

| Professional | Compensation Requested | Reimbursement Requested | Total Requested | Compensation Reduction | Reimbursement Reduction | Total Reduction | Allowed Fees | Allowed Expenses | Total Amounts Allowed |
|---|---|---|---|---|---|---|---|---|---|
| Nixon Peabody | $38,093.55 | $1,432.55 | $39,526.10 | $4,142.50 | $0.00 | $4,142.50 | $33,951.05 | $1,432.55 | $35,383.60 |
| Paul Hastings | $3,977,141.75 | $200,874.36 | $4,178,016.11 | $100,000.00 | $1,030.20 | $101,030.20 | $3,877,141.75 | $40,786.73[1] | $3,917,928.48 |
| Ropes & Gray | $3,380,857.75 | $76,261.34 | $3,457,119.09 | $82,000.00 | $23,161.38 | $105,161.38 | $3,298,857.75 | $53,099.96 | $3,351,957.71 |
| Quinn Emanuel | $19,781.50 | $2.20 | $19,783.70 | $0.00 | $0.00 | $0.00 | $19,781.50 | $2.20 | $19,783.70 |
| Alvarez & Marsal | $980,400.50 | $39,486.40 | $1,019,886.90 | $30,000.00 | $0.00 | $30,000.00 | $950,400.50 | $39,486.40 | $989,886.90 |
| Rothschild | $800,000.00 | $61,582.34 | $861,582.34 | N/A | $3,329.97 | $3,329.97 | $800,000.00 | $56,049.90[2] | $856,049.90 |
| StoneTurn | $435,014.50 | $935.74 | $435,950.24 | $18,500.00 | $0.00 | $18,500.00 | $416,514.50 | $935.74 | $417,450.24 |
| PwC | $321,142.54 | $3,905.51 | $325,048.05 | $25,000.00 | $122.59 | $25,122.59 | $296,142.54 | $3,782.92 | $299,925.46 |
| Devine Millimet | $97,252.00 | $1,534.71 | $98,786.71 | $5,049.00 | $0.00 | $5,049.00 | $92,203.00 | $1,534.71 | $93,737.71 |
| Kelley Drye | $1,135,683.00 | $20,981.67 | $1,156,664.67 | $25,000.00 | $0.00 | $25,000.00 | $1,110,683.00 | $13,904.88[3] | $1,124,587.88 |
| EisnerAmper | $262,875.00 | $4,058.99 | $266,933.99 | $14,000.00 | $164.73 | $14,164.73 | $248,875.00 | $3,894.26 | $252,769.26 |
| Houlihan | $600,000.00 | $33,040.05 | $633,040.05 | N/A | $689.24 | $689.24 | $600,000.00 | $32,350.81 | $632,350.81 |

---

[1]  Per the Report, the firm's reimbursement request for "computer search" in the amount of $159,057.43 is being deferred; that amount is not included in the Allowed Expenses.

[2]  Per the Report, the firm's reimbursement request for "presentation" in the amount of $2,202.47 is being deferred; that amount is not included in the Allowed Expenses.

[3]  Per the Report, the firm's reimbursement request for "online research" in the amount of $7,076.79 is being deferred; that amount is not included in the Allowed Expenses.