UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---------------------------------------------------------------x
:
*In re:* : Chapter 11
:
**GT ADVANCED** : Case No. 14-11916-HJB
**TECHNOLOGIES INC.,** *et al.*, :
: Jointly Administered
Reorganized Debtors.[1] :
:
---------------------------------------------------------------x

**STIPULATION AND AGREED ORDER REGARDING THE DISCLOSURE, PROTECTION, AND USE OF CERTAIN DISCOVERY MATERIALS PREVIOUSLY PRODUCED IN THESE CHAPTER 11 CASES**

Eugene I. Davis, the litigation trustee (the "Litigation Trustee") of the GTAT Litigation Trust established in connection with the chapter 11 cases of GT Advanced Technologies Inc. and its affiliated debtors (collectively, the "Debtors") and Apple Inc., along with its wholly-owned subsidiary, Platypus Development LLC (together with Apple Inc., "Apple), hereby stipulate and agree as follows:

**RECITALS**

WHEREAS, on November 25, 2014, the United States Bankruptcy Court for the District of New Hampshire (the "Bankruptcy Court") entered the *Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials* [Docket No. 622] (the "Agreed Protective Order");

WHEREAS, the Agreed Protective Order sets forth protocols governing the disclosure and use of confidential information by and between the Debtors, Apple, the Official Committee

---

[1] The Reorganized Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are: GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), Lindbergh Acquisition Corp. (5073), GT Advanced Cz LLC (9815), and GT Advanced Technologies Limited (1721). The Reorganized Debtors' corporate headquarters are located at 243 Daniel Webster Highway, Merrimack, NH 03054.

of Unsecured Creditors (the "Committee"), and certain unaffiliated holders of the 3% Convertible Senior Notes due in 2017 and 2020 (the "Noteholders");

WHEREAS, the disclosures subject to the Agreed Protective Order were made in connection with the contested settlement between the Debtors and Apple, which was subsequently approved by an order of the Bankruptcy Court;

WHEREAS, on March 7, 2016, the Bankruptcy Court entered an order confirming the plan of reorganization filed by the Debtors (the "Chapter 11 Plan"), pursuant to which the Debtors expressly retained causes of action against certain of their former directors and officers (the "D&O Claims") for investigation and pursuit by the Litigation Trustee as a representative of the bankruptcy estates;

WHEREAS, to assist in his investigation and pursuit of the D&O Claims, the Litigation Trustee has requested copies of the materials disclosed by Apple pursuant to the Agreed Protective Order (the "Confidential Information");[2] and

WHEREAS, Apple has agreed to voluntarily disclose the Confidential Information to the Litigation Trustee, provided that the disclosure is subject to the protections and procedures set forth in the Agreed Protective Order and is used exclusively for the Litigation Trustee's investigation and pursuit of the D&O Claims.

NOW, THEREFORE, the parties stipulate and agree as follows:

---

[2] For the avoidance of doubt, the term "Confidential Information" does not include any documents or information disclosed by the Debtors, the Committee, or the Noteholders to Apple, but rather only documents and information disclosed by Apple to the Debtors, the Committee, and the Noteholders.

**AGREEMENT**

1. Upon approval and entry of this Stipulation and Order by the Bankruptcy Court and subject to the terms hereof, the Apple Parties shall voluntarily disclose the Confidential Information to the Litigation Trustee.

2. The Litigation Trustee shall be considered a "Party" and a "Receiving Party" under the Agreed Protective Order (subject to the limitations specified below), Apple shall continue to be a "Producing Party" under the Agreed Protective Order, and the Confidential Information shall be considered "Protected Material" under the Agreed Protective Order.

3. Notwithstanding the permitted uses of information disclosed under the Agreed Protective Order, the Litigation Trustee shall use the Confidential Information exclusively for the purpose of investigating and pursuing the D&O Claims and for no other purpose.

4. The Court shall retain jurisdiction to interpret, implement and enforce the provisions of this Stipulation and Order.

*[Remainder of Page Intentionally Blank]*

Dated: May 24, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ John M. Sullivan | /s/ Jeremy R. Fischer |
| John M. Sullivan (BNH #1456) | Jeremy R. Fischer (BNH #07143) |
| PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP | DRUMMOND WOODSUM |
| 57 North Main Street | 1001 Elm Street, #303 |
| P.O. Box 1318 | Manchester, NH 03101 |
| Concord, NH 03301 | (603) 716-2895 (telephone) |
| (603) 410-1500 (telephone) | (603) 716-2899 (facsimile) |
| (603) 410-1501 (facsimile) | jfischer@dwmlaw.com |
| jsullivan@preti.com | |
| | - and - |
| -and- | |
| | Eric D. Madden (admitted *pro hac vice*) |
| Gary T. Holtzer | Nathaniel J. Palmer (admitted *pro hac vice*) |
| Michael F. Walsh | REID COLLINS & TSAI LLP |
| WEIL, GOTSHAL & MANGES LLP | 1601 Elm Street, 42nd Floor |
| 767 Fifth Avenue | Dallas, TX 752012 |
| New York, NY 10153-0119 | (214) 420-8900 (telephone) |
| (212) 310-8000 (telephone) | (214) 420-8909 (facsimile) |
| (212) 310-8007 (facsimile) | emadden@rctlegal.com |
| gary.holtzer@weil.com | npalmer@rctlegal.com |
| michael.walsh@weil.com | |
| | *Counsel to the Eugene I. Davis, as Litigation Trustee of the GTAT Litigation Trust* |
| *Counsel to Apple Inc. and Platypus Development LLC* | |

2

**IT IS SO ORDERED:**

Dated: May 25, 2017

/s/ Christopher J. Panos
_____
HONORABLE CHRISTOPHER J. PANOS
UNITED STATES BANKRUPTCY JUDGE

2