UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: <br><br> **GT ADVANCED TECHNOLOGIES, INC.** *et al.*, <br><br> Reorganized Debtors.[1] | Chapter 11 <br><br> Case No. 14-11916-CJP <br><br> Jointly Administered |
| **GT ADVANCED TECHNOLOGIES LIMITED,** <br><br> Plaintiff, <br><br> v. <br><br> **TERA XTAL TECHNOLOGY CORP.,** <br><br> Defendant. | Adv. Proc. No. 15-01038-CJP |

**REORGANIZED DEBTORS'** *EX PARTE* **MOTION FOR ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT: (I) ENTER JUDGMENT AGAINST TERA XTAL TECHNOLOGY CORP. IN THE AVOIDANCE ACTION; AND (II) DISALLOW TERA XTAL TECHNOLOGY CORP.'S PROOFS OF CLAIM PURSUANT TO 11 U.S.C. § 502(d)**

GT Advanced Technologies Inc. and its affiliated reorganized debtors (collectively, "GTAT" or the "Reorganized Debtors") hereby request that the Court enter an *ex parte* order requiring Tera Xtal Technology Corp. ("TXT") to show cause as to why the Court should not: (1) enter judgment in favor of the Reorganized Debtors and against TXT on Counts I and II of the

---

[1] The Reorganized Debtors, along with the last four digits of each reorganized debtor's tax identification number, as applicable, are:  GT Advanced Technologies Inc. (6749), GTAT Corporation (1760), and GT Advanced Technologies Limited (1721).  The Reorganized Debtors' corporate headquarters are located at 5 Wentworth Drive, Unit 1, Hudson, NH 03501.

1

adversary complaint commencing Case No. 15-01038 (the "Avoidance Action"); and (2) disallow TXT's proofs of claim [Claim Nos. 738 and 1048] (together, the "Proofs of Claim") pursuant to section 502(d) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Reorganized Debtors state as follows:

## JURISDICTION AND VENUE

1.	This Court has subject matter jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and section 8.5 of the *Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Dated March 7, 2016* [Docket No. 3297].

2.	Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.	This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court possesses Constitutional authority to finally adjudicate the matter.

## BACKGROUND[2]

4.	On October 6, 2018, GTAT filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.	On January 22, 2015 and May 18, 2015, TXT filed the Proofs of Claim, which remain pending in the case of GT Advanced Technologies Limited. Claim No. 738 requests allowance of a general unsecured claim in the amount of $17,493,318.00. Claim No. 1048 requests allowance of (a) a secured claim in the amount of $17,493,318.00, (b) an administrative

---

[2] This Background section summarizes the relevant procedural history. A more complete description of the background is set forth in the *Reorganized Debtors' Motion Requesting Entry of the Stipulation and Agreed Order to (I) Allow Proof of Claim No. 738, and (II) Allow in Part and Disallow in Part Proof of Claim No. 1048 Filed by Tera Xtal Technology Corp.* [Docket No. 4297] (the "9019 Motion").

expense in the amount of $3,600,000.00,[3] and (c) a general unsecured claim in the amount of $21,167,937.47.

6. On May 20, 2015, TXT filed a motion seeking allowance of the administrative expense component of Claim No. 1048 pursuant to Bankruptcy Code section 503(b) [Docket No. 1837] (the "TXT Motion"). On March 1, 2016, this Court denied the TXT Motion. See Docket Nos. 3216 and 3217. TXT appealed this order, and the District Court affirmed on February 13, 2016. On March 16, 2017, TXT appealed to the First Circuit Court of Appeals, where matters relating to the TXT Motion remain pending [Case No. 17-1250] (the "Appeal").

7. On June 10, 2015, the Reorganized Debtors filed an objection seeking disallowance of the Proofs of Claim pursuant to Bankruptcy Code section 502(d) [Docket No. 1912] (the "502(d) Objection").

8. On June 15, 2015, the Reorganized Debtors commenced the Avoidance Action seeking avoidance and recovery of $7,000,000.00 of pre-petition transfers made to TXT pursuant to Bankruptcy Code sections 547 and 550.

9. On March 26, 2018, the Reorganized Debtors filed the 9019 Motion, seeking approval of a compromise related to the Proofs of Claim, the TXT Motion, the 502(d) Objection, the Appeal, and the Avoidance Action pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Following the filing of the 9019 Motion, certain parties in interest, including Citigroup Financial Products, Inc. ("Citi"), indicated their intention to object to the relief sought in the 9019 Motion. In an effort to resolve these objections and negotiate a global compromise of issues between and among the Reorganized Debtors, TXT and Citi, the Reorganized Debtors

---

[3] The administrative expense component of Claim No. 1048 was reduced from $3,789,963.00 to $3,600,000.00 pursuant to a stipulation between the parties. See Docket No. 2440.

requested the continuance of a hearing on the 9019 Motion multiple times. The efforts to resolve these matters consensually were not successful.

10. In a related proceeding, Citi commenced a civil action against TXT in the United States District Court for the Southern District of New York seeking certain declaratory judgments and monetary judgments against TXT under an agreement pursuant to which Citi purchased certain of TXT's claims [Case No. 2018-cv-04727] (the "Citi Action"). TXT failed to respond to the complaint filed by Citi and Citi is presently awaiting entry of a default judgment against TXT. The results of the Citi Action have effectively rendered the 9019 Motion, and the form of settlement set forth therein, moot.

11. On September 4, 2018, Mr. William Gannon, counsel to TXT, filed a motion seeking to withdraw as counsel for good cause in this chapter 11 case and the Adversary Proceeding [Docket No. 4381] (the "Withdrawal Motion").

12. At a status conference related to the 9019 Motion and the Withdrawal Motion on October 17, 2018, the Court ordered a representative of TXT to appear at a hearing on December 11, 2018. See Docket No. 4393. No TXT representative appeared on December 11, 2018, and thus the Court generally continued all matters related to the Proofs of Claim, the 502(d) Objection, the Avoidance Action, the 9019 Motion and the Withdrawal Motion. See Docket No. 4402. Additionally, the Court directed the Reorganized Debtors to file a status report regarding these matters on or before January 11, 2019. A status report has been filed contemporaneously with this filing of this Motion.

13. Additionally, consistent with the relief requested in this Motion and the change in facts and circumstances regarding TXT since the filing of the 9019 Motion (including the

4

commencement of the Citi Action and TXT's failure to respond thereto), the Reorganized Debtors have contemporaneously herewith withdrawn the 9019 Motion.  See Docket No. 4404.

### RELIEF REQUESTED

14. By this Motion, the Reorganized Debtors request that the Court enter an *ex parte* order requiring TXT to show cause as to why the Court should not (a) enter judgment in favor of the Reorganized Debtors and against TXT in the Avoidance Action pursuant to Bankruptcy Code sections 547 and 550; and (b) sustain the 502(d) Objection and disallow the Proofs of Claim pursuant to Bankruptcy Code section 502(d).

### BASIS FOR RELIEF REQUESTED

15. The Reorganized Debtors hope to make final distributions and close their remaining chapter 11 cases as soon as possible to avoid the accrual of further administrative expenses, including fees payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930.  The matters relating to TXT are delaying final administration of the remaining estates.

16. The Reorganized Debtors have been attempting for some time to wrap up remaining matters with TXT, most recently with the settlement and compromise described in the 9019 Motion.  However, due to TXT's failure to respond or appear and the intervening Citi Action, the Reorganized Debtors have withdrawn the 9019 Motion.

17. The Reorganized Debtors now seek to efficiently conclude these matters by requesting that the Court give TXT a final opportunity to show cause as to why (a) judgment should not be entered in the Avoidance Action, and (b) the 502(d) Objection should not be sustained and the Proofs of Claim disallowed.  If TXT fails to timely respond, the Reorganized Debtors request that the Court enter judgment in the Avoidance Action and sustain the 502(d) Objection.

## NOTICE

18.Notice of this Motion will be provided by email, facsimile, or overnight courier to the Master Service List, as required by the Court's case management order [Docket No. 83]. In light of the relief requested in this Motion, the Reorganized Debtors submit that no further notice or service is required.

## WAIVER OF MEMORANDUM OF LAW

19.The Reorganized Debtors request that the Court waive and dispense with the requirement set forth in LBR 7102(b)(2) that any motion filed shall have an accompanying memorandum of law. The legal authorities upon which the Reorganized Debtors rely are set forth in the Motion. Accordingly, the Reorganized Debtors submit that a waiver of the LBR 7102(b)(2) requirement is appropriate under these circumstances.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Reorganized Debtors respectfully requests that the Court enter the accompanying order *ex parte* granting the Motion.

Dated: January 10, 2019

        Respectfully submitted,

/s/ *Jeremy R. Fischer*
Jeremy R. Fischer (BNH #07143)
**DRUMMOND WOODSUM**
1001 Elm Street, #303
Manchester, New Hampshire 03101
Telephone: (603) 716-2895
E-mail: jfischer@dwmlaw.com

- and -

Michael S. Stamer (admitted *pro hac vice*)
Brad M. Kahn (admitted *pro hac vice*)
Joanna F. Newdeck (admitted *pro hac vice*)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
E-mail: mstamer@akingump.com
      bkahn@akingump.com
      jnewdeck@akingump.com

*Counsel to the Reorganized Debtors*